COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Benton and Annunziata
Argued at Alexandria, Virginia


MICHAEL BRIAN SHAFFER
                                              OPINION BY
v.    Record No. 0344-00-4        JUDGE ROSEMARIE ANNUNZIATA
                                           DECEMBER 5, 2000
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                   James W. Haley, Jr., Judge

           Mark S. Gardner (Gardner, Maupin & Sutton, on
           briefs), for appellant.

           Jeffrey A. Spencer, Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellee.


     Appellant, Michael Brian Shaffer, appeals the circuit

court's finding that it lacked jurisdiction to hear his appeal

of a Department of Motor Vehicles order determining him to be an

habitual offender under Code § 46.2-352.  For the reasons that

follow, we reverse.

                          BACKGROUND

     Guided by well established principles, we review the

evidence in the light most favorable to the Commonwealth, the

party prevailing below.  Juares v. Commonwealth, 26 Va. App.

154, 156, 493 S.E.2d 677, 678 (1997).  On September 2, 1999,

Shaffer petitioned the Circuit Court of Stafford County for

review of an order issued on July 15, 1997 by the Commissioner

of the Department of Motor Vehicles (DMV) in which Shaffer was determined to be an habitual offender under former Code § 46.2-352(A).  By the same order, the Commissioner revoked Shaffer's driver's license effective August 17, 1997.

At the time the DMV determined Shaffer to be an habitual offender, Code § 46.2-352 provided, in pertinent part, as follows:

> A.  [T]he Commissioner shall determine, from the Department's records, whether a person named therein qualifies as an habitual offender, as defined in § 46.2-351.  Upon such determination, the Commissioner shall immediately cause the Department's records to indicate that the person has been determined to be an habitual offender and shall revoke the person's driver's license . . . .  The Commissioner shall immediately notify the person of the revocation and of his right to file a petition and request a hearing as provided in subsection B.

>            *      *      *      *      *      *      *

> B.  At any time after receipt of the revocation notice, as provided for in subsection A, or after otherwise learning of the revocation, a person who has been determined to be an habitual offender may file, with the circuit court of the county or city in which he resides . . . a petition for a hearing and determination by the court that the person is not an habitual offender.[1]

(Emphasis added).

---

[1] Upon the filing of the petition for review, the revocation of the person's license was automatically suspended, pending a final determination by the circuit court as to the person's habitual offender status.  Former Code § 46.2-352(B).

The General Assembly repealed Code §§ 46.2-351 through -355, effective July 1, 1999. Shaffer filed his petition for review of his habitual offender status on September 2, 1999. The circuit court dismissed the appeal on November 30, 1999, holding as a matter of law that the circuit court's jurisdiction to hear the appeal had been terminated by the repeal of Code § 46.2-352.

## ANALYSIS

The right to operate a motor vehicle is a property right that cannot be taken away without due process of law. Bell v. Burson, 402 U.S. 535, 539 (1971); Walton v. Commonwealth, 255 Va. 422, 428, 97 S.E.2d 869, 873 (1998). At a minimum, a person whose license to drive has been rescinded is entitled to a post-deprivation review. See generally Mackey v. Montrym, 443 U.S. 1 (1979); Dixon v. Love, 431 U.S. 105 (1977).

In 1995, the General Assembly enacted amendments to the Habitual Offender Act, former Code §§ 46.2-351 through -355, allowing habitual offender determinations to be made initially by the DMV. Former Code § 46.2-352(A) provided the process by which the Commissioner should determine someone to be an habitual offender. In former Code § 46.2-352(B), the General Assembly granted a person declared to be an habitual offender the right to judicial review of that determination. Former Code § 46.2-352(A) also required the Commissioner to notify persons determined to be habitual offenders that they had the right to a

- 3 -

review.  However, the statute did not specify a time period within which a petition for review had to be filed.

In 1999, the General Assembly repealed sections 46.2-351 though 46.2-355 of the Habitual Offender Act, including the process by which one could be determined an habitual offender and the process by which one could seek judicial review of that determination.  In repealing the statute, the General Assembly did not state that the statute was repealed retroactively.  Thus, it did not explicitly eliminate the right of those individuals found to be habitual offenders under former Code § 46.2-352 to petition for judicial review.

The Commonwealth, nevertheless, argues that the legislature's repeal of the right to obtain judicial review of the DMV's determination of habitual offender status is effective retroactively and that the court did not err in dismissing Shaffer's appeal on the ground that it lacked jurisdiction to adjudicate it.  We disagree.

As the Virginia Supreme Court noted in Ferguson v. Ferguson, 169 Va. 77, 192 S.E. 774 (1937):

> All authorities appear to approve of the rule that statutes will be presumed to have been intended by the legislature to be prospective and not retrospective in their action where a retrospective effect would work injustice and disturb rights acquired under the former law.  Some courts take the view that since limitation laws apply only to the remedy, they are not within the principle that statutes should be given a prospective rather than a retrospective

> construction . . . . The rule under consideration is not everywhere recognized.
>
> * * * * * * *
>
> There appears to be no good reason for excluding statutes of limitation, or remedial statutes, from the general rule, that retroactive or retrospective legislation is not favored, in the absence of any words expressing a contrary intention. . . . It is reasonable to conclude that the failure to express an intention to make a statute retroactive evidences a lack of such intention. . . . It is not to be presumed that the legislature intends to work an injustice.

Id. at 85, 86-87, 192 S.E. at 776, 777.

In Ferguson, the statute in question changed the time to file a bill in equity to impeach a will from two years to one year. The Court held that the statute did not apply retroactively because, "[t]here is nothing in the language of the amended statute to declare or to indicate that the legislature intended to give to it a retroactive operation." Id. at 85, 192 S.E. at 776; cf. Allen v. Mottley Constr. Co., 160 Va. 875, 889, 170 S.E. 412, 417 (1933) (the General Assembly's use of the term "an award" in the new statute of limitation demonstrated an intent for the limitation to apply retroactively to awards made prior to the passing of the statute); Duffy v. Hartsock, 187 Va. 406, 46 S.E.2d 570 (1948) (limitation law applied retroactively where statute clearly stated retroactive intent); see also McIntosh v. Commonwealth, 213 Va. 330, 331-32, 191 S.E.2d 791, 792-93 (1972) (finding that

amendment to Habitual Offender Act should not be applied retroactively where no indication of legislative intent to do so). We decline to apply the statutory repeal retroactively absent an expressed intent by the legislature to deprive the formerly adjudicated habitual offenders of their right to obtain judicial review, particularly when the right in question is a property right, entitled to due process protection. See Bell, 402 U.S. at 539; Walton, 255 Va. at 428, 97 S.E.2d at 873; Ferguson, 169 Va. at 87, 192 S.E. at 777 ("It is not to be presumed that the legislature intends to work an injustice.").

Accordingly, we find Shaffer's right to appeal the Commissioner's order determining him to be an habitual offender remained extant notwithstanding the repeal of Code § 46.2-352, and we reverse the decision of the trial court.

Reversed and remanded.