PRESENT: Lacy, Hassell, Keenan, Koontz, Kinser, and Lemons, JJ., and Compton, S.J.

COMMONWEALTH OF VIRGINIA

v.  Record No. 010480

MICHAEL BRIAN SHAFFER

OPINION BY
SENIOR JUSTICE A. CHRISTIAN COMPTON
March 1, 2002

FROM THE COURT OF APPEALS OF VIRGINIA

At issue in this appeal is the nature of the right to operate a motor vehicle in the Commonwealth and the extent of the right to obtain judicial review of a determination by the Department of Motor Vehicles (DMV) that a person qualifies as an habitual offender.

The facts are undisputed.  In July 1997, the DMV, in an ex parte proceeding relying on records of criminal convictions, determined Michael Brian Shaffer to be an habitual offender pursuant to former Code § 46.2-352(A) (Repl. Vol. 1998), and revoked his operator's license effective in August 1997.  In July 1997, Shaffer received the notice of revocation.

In 1997, former Code § 46.2-352(B) provided that, "[a]t any time after receipt of the revocation notice," a person who had been determined to be an habitual offender may file in the appropriate circuit court a petition for a hearing and determination by the court that the person is not an habitual offender.

Effective July 1, 1999, the General Assembly repealed Code §§ 46.2-351 through -355, which, of course, included § 46.2-352. Acts 1999, chs. 945, 987.

In September 1999, Shaffer filed in the Circuit Court of Stafford County the present petition for review of the DMV determination. He alleged that the petition was filed pursuant to the provisions of former Code § 46.2-352(B). The Commonwealth objected, asserting that the court lacked jurisdiction to entertain the petition because the statute had been repealed at the time the petition was filed.

Upon consideration of argument of counsel, the trial court dismissed the petition in a November 1999 order, ruling that it lacked jurisdiction to review the DMV determination because the statute invoked by Shaffer was no longer in force at the time he filed his petition.

Shaffer appealed to the Court of Appeals of Virginia. That court reversed the judgment of the trial court, and ruled that Shaffer's right to appeal the DMV's "order determining him to be an habitual offender remained extant notwithstanding the repeal of Code § 46.2-352." Shaffer v. Commonwealth, 34 Va. App. 36, 41, 537 S.E.2d 613, 616 (2000).

The Court of Appeals based its decision upon the following statement: "The right to operate a motor vehicle is a property right that cannot be taken away without due process of law."

_Id._ at 39, 537 S.E.2d at 615.  Continuing, the court said that "[a]t a minimum, a person whose license to drive has been rescinded is entitled to a post-deprivation review."  _Id._

Tracing the evolution of the habitual offender statutes, the Court of Appeals pointed out that former Code § 46.2-352(B) "did not specify a time period within which a petition for review had to be filed."  _Id._  The court also noted that in the 1999 repeal of Code §§ 46.2-351 through -355, "the General Assembly did not state that the statute was repealed retroactively.  Thus, it did not explicitly eliminate the right of those individuals found to be habitual offenders under former Code § 46.2-352 to petition for judicial review."  _Id._ at 40, 537 S.E.2d at 615.

Concluding, the Court of Appeals stated:  "We decline to apply the statutory repeal retroactively absent an expressed intent by the legislature to deprive the formerly adjudicated habitual offenders of their right to obtain judicial review, particularly when the right in question is a property right, entitled to due process protection."  _Id._ at 41, 537 S.E.2d at 616.

In this appeal, the Attorney General criticizes as "simply wrong" the Court of Appeals' statement that "[t]he right to operate a motor vehicle is a property right."  On brief, Shaffer

3

says he "has never argued that the right to operate a motor vehicle is a property right per se."

We agree with the Attorney General.  Neither of the cases cited by the Court of Appeals as authority for the erroneous proposition supports the idea.  In Walton v. Commonwealth, 255 Va. 422, 428, 497 S.E.2d 869, 873 (1998), we stated:  "The right to operate a motor vehicle is a conditional privilege, which may be suspended or revoked in the interest of public safety under the police power of the Commonwealth."  We also said:  "It is not a fundamental constitutional right; however, the right may not be revoked or suspended without due process of law."  Id.

In Walton, we relied upon Bell v. Burson, 402 U.S. 535 (1971), also cited by the Court of Appeals.  There, the Supreme Court said that once licenses to operate motor vehicles are issued, "their continued possession may become essential in the pursuit of a livelihood."  Id. at 539.  Continuing, the Supreme Court stated:  "Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees.  In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment."  Id.  According to the Supreme Court, "This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an

4

entitlement whether the entitlement is denominated a 'right' or a 'privilege.'"  Id.

It is true that some cases dealing with deprivation of an operator's license have labeled a person's interest in the continued possession of such a conditional privilege as a "property interest," Mackey v. Montrym, 443 U.S. 1, 10 (1979), or a "private interest," Dixon v. Love, 431 U.S. 105, 113 (1977).  However, use of those terms does not mean that the right to drive is "a property right" in the sense that it is "a fundamental constitutional right."  Walton, 255 Va. at 428, 497 S.E.2d at 873.

Shaffer argues, however, that the Court of Appeals' inaccurate statement is not "central" to its holding that the trial court erred.  According to Shaffer, "once the conditional privilege to operate a motor vehicle is afforded a citizen by licensing," the state cannot "revoke that privilege in an ex parte proceeding without affording the citizen any right to be heard or to challenge its action."  Shaffer contends the Court of Appeals correctly held "that due process prohibits revoking a citizen's privilege to operate a motor vehicle without, at a minimum, affording the citizen a post-deprivation review."

Shaffer also asserts that the right to petition for judicial review set forth in former Code § 46.2-352(B) was "a substantive right," and that such right "accrued and vested when

5

DMV acted to revoke his license." He says that the repeal of the statute in question "cannot be applied retroactively to divest the appeal rights of those whose right to appeal had previously vested." We do not agree with Shaffer's contentions.

Our analysis begins with a restatement of the Walton principle that the right to operate a motor vehicle is a conditional privilege, which may not be suspended or revoked without due process of law. Therefore, in this case the question becomes how much process was due Shaffer.

Initially, we observe, contrary to Shaffer's contentions, that the entitlement to judicial review in former Code § 46.2-352(B) was not a substantive right; it was purely a procedural remedy in which Shaffer had no vested interest when the DMV revoked his license.

As relevant here, the rule is settled: Mere matters of procedure may be altered, curtailed, or repealed at the will of the legislature. Phipps v. Sutherland, 201 Va. 448, 452, 111 S.E.2d 422, 425 (1959); Duffy v. Hartsock, 187 Va. 406, 416, 46 S.E.2d 570, 574 (1948). Persons are given no "right," in the strict sense, to a particular mode of procedure, unless they avail themselves of it while the statute is in force. Phipps, 201 Va. at 453, 111 S.E.2d at 426.

Addressing the subject of retroactive legislation, we note that when Shaffer filed his petition for judicial review, there

had been a total repeal of the statute giving circuit courts authority to review the DMV's determinations. Contrary to Shaffer's argument, a ruling that no statute existed giving the courts jurisdiction does not amount to retroactive application of the repeal. Rather, there is a prospective application, because the application relates to any petitions for review filed subsequent to the effective date of the repeal. See Code § 1-16 (proceedings had after repeal of former law "shall conform, so far as practicable, to the laws in force at the time of such proceedings").

This brings us to consideration of whether, without the benefit of the repealed statute, Shaffer's due process rights were violated, under Virginia's habitual offender statutory scheme, because he failed to receive a post-deprivation remedy. To state, in the words of the Court of Appeals, that Shaffer was "entitled to a post-deprivation review," Shaffer, 34 Va. App. at 39, 537 S.E.2d at 615, is not entirely accurate, and is misleading in the context of this case. Assuming he was entitled to a post-deprivation review, he failed to resort to the adequate due process opportunities that were available.

Code § 46.2-410 was in effect at all times pertinent to this case. It provides for judicial review "in accordance with the provisions of the Administrative Process Act (§ 9-6.14:1 et seq.)" (APA) of DMV orders suspending or revoking licenses or

7

registrations.  The statute provides, however, that "[n]o appeal shall lie in any case in which suspension or revocation of the license or registration was mandatory except to determine the identity of the person concerned when the question of identity is in dispute."

Here, revocation of Shaffer's license was mandatory. Former Code § 46.2-352(A) provided that the Commissioner of the DMV "shall determine, from the Department's records, whether a person named therein qualifies as an habitual offender, as defined in § 46.2-351 . . . and shall revoke the person's driver's license."  Former Code § 46.2-351 provided that "[a]n habitual offender shall be any . . . person whose record, as maintained in the office of the [DMV], shows that he has accumulated the convictions . . . as follows."

However, Shaffer did not avail himself after deprivation of the opportunity to dispute his identity by employing the provisions of the APA, which permits review by a "timely court action," Code § 9-6.14:16(A), subject to a 30-day notice of appeal requirement.  Rule 2A:2.  See Tomai-Minogue v. State Farm Mut. Auto. Ins. Co., 770 F.2d 1228, 1233-36 (4th Cir. 1985) (provisions of predecessor to Code § 46.2-410 afforded sufficient review of driver's license revocation to satisfy due process when revocation mandatory and based on DMV records of court judgments).

Additionally, Shaffer had two years from the July 1997 revocation until the July 1999 repeal of former § 46.2-352(B) to seek judicial review under that statute, but failed to avail himself of that post-deprivation opportunity either.

Thus, we hold that, given the foregoing opportunities and under these facts, Shaffer was not entitled, after repeal of § 46.2-352(B), to any other post-deprivation review in order to satisfy his due process rights.

Consequently, the judgment of the Court of Appeals will be reversed and final judgment will be entered here dismissing Shaffer's petition for review.

<u>Reversed and final judgment</u>.

9