## CIRCUIT COURT OF FAIRFAX COUNTY

Glen A. Bare

v.

Commonwealth of Virginia

May 9, 2002

Case No. (Law) 202781ᐧ

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on April 19, 2002, on Mr. Bare's petition to review his determination as a Habitual Offender by the Division of Motor Vehicles (DMV) and to restore his driving privileges. At that time, I heard oral argument from petitioner's counsel. The Commonwealth, represented by Mr. Nanavati, put forth no evidence or argument. At the conclusion of Mr. Chase's arguments, I took the matter under advisement.

Petitioner asks this court to review his determination as a habitual offender by the DMV pursuant to Va. Code Ann. § 46.2-352(B). Petitioner recognizes that this statute was repealed by the legislature effective July 1, 1999. He contends, however, that this statute is the only method available to him to challenge the DMV's habitual offender determination. Petitioner was determined to be a habitual offender on March 3, 1998, by the DMV for three previous driving under the influence convictions. The Supreme Court of Virginia recently dealt with this very statute in *Shaffer v. Commonwealth*, 263 Va. 428, 559 S.E.2d 623 (2002). Petitioner attempts to distinguish the facts of his situation from those of the petitioner in *Shaffer*, ultimately without success.

In Shaffer, the petitioner requested, pursuant to the statute cited above, judicial review of his determination as a habitual offender by the DMV. The Supreme Court held that Mr. Shaffer did not have a right of judicial review pursuant to the statute because it had been repealed prior to his request for

judicial review. Shaffer argued the legislature could not repeal a statute and effectively divest a party of his appeal right. *Id.* at 432. The Supreme Court, however, held that the right to appeal under § 46.2-352(B) was "purely a procedural remedy in which Shaffer had no vested interest when the DMV revoked his license." *Id.* Since the right to appeal was purely procedural, the Supreme Court made it clear that "mere matters of procedure may be altered, curtailed, or repealed at the will of the legislature." *Id.*

The Supreme Court further dismissed Shaffer's claim that denying him an appeal based on the repealed statute amounted to retroactive application of the repeal. "Contrary to Shaffer's argument, a ruling that no statute existed giving the courts jurisdiction does not amount to retroactive application of the repeal. Rather, there is a prospective application, because the application relates to any petitions for review filed subsequent to the effective repeal date." *Id.* at 433. Thus, Shaffer did not have the right to appeal pursuant to § 46.2-352(B) because the statute was not in force at the time he filed his petition to appeal the DMV's determination.

In examining what process was due Shaffer as part of his post-deprivation remedies, the Supreme Court noted that Shaffer had the right to seek review of his determination pursuant to Va. Code § 46.2-410. This statute allows a party to appeal in accordance with the Virginia's Administrative Process Act (§ 9-6.14:1 et seq.) decisions of the DMV dealing with revocation or suspension of a party's driver's license. *Shaffer*, 263 Va. at 433. This section allows, however, a right of appeal only in cases where, after a mandatory action by the DMV, a party wishes to dispute the identity of the person affected by the DMV action. The Supreme Court found that Shaffer did not take advantage of this post-deprivation remedy, but that its availability satisfied the due process requirement.

In the case at hand, petitioner points to what, at first blush, appears to be an important distinguishing fact between his situation and that of Mr. Shaffer. Petitioner argued he never received notice of his determination as a habitual offender by the DMV until recently (and long after § 46.2-352(B) was repealed). At the hearing, petitioner's counsel proffered to the court that the petitioner moved to Maryland and never received notice of his habitual offender status in Virginia until very recently. The Commonwealth offered no proffer to the contrary. I find, as a matter of fact, that the petitioner did not receive notice of his 1998 Virginia habitual offender determination until his attempts to renew his Maryland driver's license in 2002. This fact, however important, does not change the essential holding of *Shaffer*.

The language of the Supreme Court is clear, that the legislature had the right to repeal mere matters of procedure at will, and this statute was a mere matter of procedure. A party had no vested interest in this procedural remedy at the time his license was revoked or suspended by the DMV and could only avail himself of the remedy while the statute was in force. See *Shaffer*, 263 Va. at 432-33. The opportunity to appeal under this statute ended when the statute was repealed. What little process petitioner is due is met by § 46.2-410, just as it was for Mr. Shaffer.

While it is true this creates a strange and unfortunate dilemma for the petitioner, his grievance is with a legislature that repealed a statute providing a post-deprivation remedy and did not replace it with a similar statute. The legislature's decision to place such power in virtually the sole discretion of the DMV without any practical judicial appeal is not subject to review by this court. For now, the only post-deprivation remedy available to persons in his position is Va. Code § 46.2-410, one which, according to petitioner's arguments concerning his previous convictions, affords him no relief. Since I find that petitioner does not have a right of appeal pursuant to § 46.2-352(B), it is unnecessary for me to examine the circumstances of his 1992 conviction for DUI that he challenged as insufficient. The petitioner's request for judicial review of his determination as a habitual offender is denied.