Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
Agee, JJ., and Lacy, S.J.[1]

SCOTT J. MORENCY

v.  Record No. 062025        OPINION BY SENIOR JUSTICE
                             ELIZABETH B. LACY
                             September 14, 2007
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF LOUISA COUNTY
Timothy K. Sanner, Judge

In this appeal, we consider whether the retroactive

application of a 2006 amendment to Code § 9.1-909 violated Code

§ 1-239 because it interfered with a right accrued in a 2004

court order obtained by Scott James Morency.

FACTS

Morency was convicted of aggravated sexual battery in

violation of Code § 18.2-67.3. As a result of this conviction,

he was required to register as a sex offender and to reregister

with the State Police every 90 days for life.[2] In 2002, Morency

petitioned the Circuit Court of Louisa County for relief from

_____

[1] Justice Lacy participated in the hearing and decision of
this case prior to the effective date of her retirement on
August 16, 2007.

[2] At the time Morency was convicted the statutory
provisions governing registration as a sex offender were
located in former Code §§ 19.2-298.1 through 19.2-298.4. In
2003, the General Assembly repealed these Code sections and
enacted the Sex Offender and Crimes Against Minors Registry
Act, Code § 9.1-901 et seq., 2003 Acts ch. 584. Various
portions of that Act have been subsequently amended. For
purposes of this opinion we will refer to the current
provisions of the Act except where specifically indicated
otherwise.

the quarterly reregistration requirements pursuant to Subsection A of former Code § 19.2-298.4.  Following a hearing, the circuit court granted Morency's petition and entered an order on September 30, 2004, terminating his 90-day reregistration requirement and ordering the clerk to "notify the Virginia State Police promptly that the petitioner's registry information including name and pictures shall be removed from the Sex Offender and Crimes Against Minors Registry and the internet system associated therewith and maintained by the Virginia State Police."  Morency remained under an obligation to reregister annually for life.  Code § 9.1-909.

In 2006, the General Assembly amended Code § 9.1-909, eliminating removal of an offender's information from the Internet registry.  2006 Acts ch. 914.  Following this amendment, Morency received a letter from the State Police stating that the amendment applied retroactively and, as a result, Morency's registration information would be reposted on the Internet registry.

Morency filed a petition seeking to enjoin the State Police from reposting his information on the Internet registry. Morency asserted that he should not be subject to the 2006 amendment because the General Assembly did not expressly state the amendment was to apply retroactively.  Morency also claimed

that by virtue of the September 30, 2004 order, he had accrued a right to have his identifying information removed from the Internet registry.  Thus, he argued, retroactive application of the 2006 amendment would violate Code § 1-239, which protects accrued rights from retroactive application of legislation. The circuit court denied Morency's petition and we awarded him this appeal.

## DISCUSSION

On appeal, the Commonwealth argued, and Morency conceded, that the General Assembly intended the 2006 amendment in question to be applied retroactively.  Code § 9.1-901 directs that all provisions of the Act are to apply retroactively unless a specific effective date is otherwise provided.  Thus the dispositive issue in this appeal is whether the provisions of Code § 1-239 preclude the retroactive application of the 2006 amendment in this case.

Code § 1-239 provides in relevant part:

> No new act of the General Assembly shall be construed to repeal a former law . . . or any right accrued under . . . the former law, or in any way whatever to affect such . . . right accrued, or claim arising before the new act of the General Assembly takes effect.

We have held that Code § 1-239 applies to accrued rights categorized as "substantive" or "vested."  City of Norfolk v. Kohler, 234 Va. 341, 345, 362 S.E.2d 894, 896 (1987).  We have

3

not previously considered whether a final judgment creates a vested or substantive right in the holder of that judgment qualifying it as an "accrued right" for purposes of Code § 1-239.  However, in Bain v. Boykin, 180 Va. 259, 23 S.E.2d 127 (1942), we held that the litigant's right in the trial court judgment was an "'inchoate right, which would become vested upon the happening of one of two events, viz., an affirmance of the decree of the trial court by the Supreme Court of Appeals, or by the expiration of the period allowed at the time in which to take an appeal.'"  Id. at 264, 23 S.E.2d at 129 (quoting Kennedy Coal Corp. v. Buckhorn Coal Corp., 140 Va. 37, 45, 124 S.E. 482, 485 (1924)).  The implication of Bain is that a final judgment of a court creates a vested right in the holder of that judgment which cannot be abrogated by subsequent legislation under Code § 1-239.  This conclusion is consistent with cases decided in other jurisdictions based on theories of vested rights and separation of powers.

As early as 1898, in McCullough v. Virginia, 172 U.S. 102, 123-24 (1898), the Supreme Court observed that a plaintiff obtained a vested right in a judgment which was rightfully entered under the authority of an existing act.  As the Court explained:

> It is not within the power of a legislature to take away rights which have been once vested by a judgment.  Legislation may act on subsequent

4

> proceedings, may abate actions pending, but when those actions have passed into judgment the power of the legislature to disturb the rights created thereby ceases.

Id. at 123-24.

Accordingly, once a plaintiff acquires such a vested right, it cannot be disturbed by the subsequent repeal of the statute under which it was obtained. Id. The Supreme Court and various other courts have repeated the principle underlying McCullough's statement of a vested right. These cases have refined the principle by applying it to final judgments enforcing private rights. See, e.g., Hodges v. Snyder, 261 U.S. 600, 603-04 (1923); Johnston v. Cigna Corp., 14 F.3d 486, 491-92 (10th Cir. 1993), cert. denied, 514 U.S. 1082 (1995); De Rodulfa v. United States, 461 F.2d 1240, 1246-47 (D.C. Cir.), cert. denied, 409 U.S. 949 (1972); Hospital Assoc. of New York State, Inc. v. Toia, 435 F. Supp. 819, 828-29 (S.D.N.Y. 1977).

More recently, the United States Court of Appeals for the Fourth Circuit, in a case raising a due process challenge to the termination of a consent decree based on the application of a subsequently enacted statute, reiterated that "a judgment at law is immune to subsequent changes in the law," and explained, "[t]he vested-rights doctrine is analogous to the separation-of-powers rule that Congress may not mandate the reopening of final judgments; importantly, both rules apply . . . when a

5

final judgment has been rendered." Plyler v. Moore, 100 F.3d 365, 371, 374 (4th Cir. 1996).

Applying these principles, we conclude that a final judgment order may vest a litigant with an accrued right for purposes of Code § 1-239. This conclusion, however, does not end our inquiry. The nature of the specific "right" embodied in the judgment order must be determined. See Town of Danville v. Pace, 66 Va. (25 Gratt.) 1, 11 (1874) ("[I]t is not competent for the legislature by retroactive laws to interfere with vested rights. But the inquiry still recurs, what are these vested rights that are secured against legislative invasion.").

In 2002, when Morency filed his petition pursuant to former Code § 19.2-298.4, and in 2004 when the order granting the petition was rendered pursuant to Code § 9.1-909, the applicable statutory provision provided in relevant part:

> Upon expiration of three years from the date upon which the duty to register as a sexually violent offender is imposed, the person required to register may petition the court in which he was convicted for relief from the requirement to reregister every 90 days. The court shall hold a hearing on the petition, on notice to the attorney for the Commonwealth, to determine whether the person suffers from a mental abnormality or a personality disorder that makes the person a menace to the health and safety of others or significantly impairs his ability to control his sexual behavior. Prior to the hearing the court shall order a comprehensive assessment of the applicant by a panel of three certified sex offender treatment providers

6

as defined in § 54.1-3600.  A report of the
assessment shall be filed with the court prior to
the hearing.  The costs of the assessment shall be
taxed as costs of the proceeding.

If, after consideration of the report and such
other evidence as may be presented at the hearing,
the court finds by clear and convincing evidence
that the person does not suffer from a mental
abnormality or a personality disorder that makes the
person a menace to the health and safety of others
or significantly impairs his ability to control his
sexual behavior, the petition shall be granted and
the duty to reregister every 90 days shall be
terminated.  The court shall promptly notify the
State Police upon entry of an order granting the
petition and the State Police shall remove Registry
information on the offender from the Internet
system.  The person shall, however, be under a
continuing duty to register annually for life.

Code § 9.1-909(A) (1998 & Supp. 2004).

By the plain terms of the statute, a petition filed

pursuant to this Code section was a petition only for relief

from the quarterly reregistration requirement.  The statute did

not authorize a petition to require the removal of Registry

information from the Internet and a court was thus without

authority to order such action based on a petition.

Furthermore, the consideration before the court was whether the

petitioner suffered "from a mental abnormality or a personality

disorder that makes the person a menace to the health and

safety of others or significantly impairs his ability to

control his sexual behavior."  Id.

7

The statute provides that if the court found these facts by clear and convincing evidence, the petition to be relieved from the quarterly reregistration requirement "shall be granted." Id. The statute, however, did not authorize the court to order the State Police to remove the Registry information as a consequence of its findings, but only to "promptly notify the State Police" of the entry of the September 30, 2004 order.[3] The removal duty of the State Police, upon notification of the Order, was self-executing. Thus, regardless of the language of the September 30, 2004 order directing removal of Morency's identifying information from the Internet registry, removal was a function of statutory authorization, not court order.

We have previously held that statutory remedies do not create vested rights. In Town of Danville v. Pace, the Court considered whether a statute prohibiting a corporation from raising the defense of usury to set aside a contract could be applied to contracts executed before the effective date of the statute. 66 Va. (25 Gratt.) at 11. The Court concluded that while legislation cannot interfere with vested contractual

_____

[3] Former Code § 19.2-298.3 (2000 & Supp. 2002) allowed sex offenders who were not convicted of sexually violent offenses to file a petition to remove their identifying information from the Internet registry. Morency did not and could not file a petition under this section because he was convicted of a

8

rights, a party does not have a vested or constitutional right in the statutory defense of usury, and therefore the statute did operate retrospectively. Id. at 19, 23.

Similarly, in Commonwealth v. Shaffer, 263 Va. 428, 432, 559 S.E.2d 623, 626 (2002), the petitioner argued that his right to petition for judicial review of the administrative revocation of his driver's license was a substantive right which had accrued prior to the enactment of a statute eliminating such judicial review, and therefore, the statute could not be retroactively applied. We held that the right to judicial review was not a substantive right, but a procedural remedy which "may be altered, curtailed, or repealed at the will of the legislature" and therefore did not give rise to any vested interest. Id. at 432-33, 559 S.E.2d at 626.

Accordingly, we hold that the September 30, 2004 order did not clothe Morency with a vested or substantive right to prevent his identifying information from being placed on the sex offender Internet registry. Removal of such information from the Internet registry was solely an action directed by statute by virtue of the receipt of the September 30, 2004 order. Removal under these circumstances, like the procedural remedy in Shaffer, could be altered "at will" by the

violation of Code § 18.2-67.3, a sexually violent offense. See Code § 9.1-902.

9

legislature.  Therefore, Morency did not have an accrued right that was affected by the retroactive application of the 2006 amendment to Code § 9.1-909 for purposes of Code § 1-239.

On brief, Morency also argued that retroactive application of the 2006 amendment to Code § 9.1-909 violated his due process rights and the doctrine of separation of powers. Although Morency stated in his petition for appeal that he had raised a substantive due process claim in the circuit court, he makes no argument in this Court supporting the proposition that his claimed right is a liberty interest or fundamental right. In the absence of any argument supporting his due process claim on appeal, we do not address it further.  Rule 5:17(c). Finally, even applying the most liberal interpretation possible to the pleadings filed in the circuit court, we agree with the Commonwealth that Morency did not raise a separation of powers argument below.  Therefore, we will not consider that argument here.  Rule 5:25.

Accordingly, for these reasons we will affirm the judgment of the circuit court.

<u>Affirmed.</u>

JUSTICE KOONTZ, with whom CHIEF JUSTICE HASSELL joins, dissenting.

I respectfully dissent.  The issue raised by Scott J. Morency in this appeal is not one that flows from facts which

provoke a sympathetic judicial response.  Morency was previously convicted of aggravated sexual battery in violation of Code § 18.2-67.3.  As a result of the majority's decision in this appeal, Morency will have personal information, including his name, address, and picture, posted on the Internet system associated with the Sex Offender and Crimes Against Minors Registry maintained by the Virginia State Police.  See generally Code §§ 9.1-901 et seq.  In the abstract, I am not troubled with that result.  However, I cannot join a decision that, as a consequence of an unduly narrow statutory interpretation, necessarily labors to reject the well-established principle that a final judgment order vests a litigant with an accrued right for purposes of applying Code § 1-239 and, thus, renders the judgment immune to subsequent changes in the law by the legislature.  The majority rightfully acknowledges this principle and cites the supporting authorities at some length.  Consequently, repetition of those authorities is unnecessary here.

The initial focus of the analysis in this appeal is upon the provisions of former Code § 19.2-298.4(A), now Code § 9.1-909(A) as amended, which were applicable when Morency filed his petition in the Circuit Court of Louisa County in 2002.  At that time, the statute, in pertinent part, provided that:

11

> Upon expiration of three years from the date upon which the duty to register as a sexually violent offender is imposed, the person required to register <u>may</u> petition the court in which he was convicted for relief from the requirement to reregister every ninety days. The court <u>shall</u> hold a hearing on the petition . . . to determine whether the person suffers from a mental abnormality or a personality disorder that makes the person a menace to the health and safety of others or significantly impairs his ability to control his sexual behavior . . . . If, after consideration of the report and such other evidence as may be presented at the hearing, the court finds by clear and convincing evidence that the person does not suffer from a mental abnormality or a personality disorder . . . the petition <u>shall be granted</u> and the duty to register every 90 days <u>shall be terminated</u>. The State Police shall be notified promptly upon entry of an order granting the petition and Registry information on the offender <u>shall</u> be removed from the Internet system . . . . The person <u>shall</u>, however, be under a continuing duty to register annually . . . .

Former Code § 19.2-298.4 (2000). (Emphasis added).

After conducting a hearing on Morency's petition, by order entered on September 30, 2004, the circuit court held that Morency "possesses no mental abnormality or personality disorder that makes him a menace to the health and safety of others or significantly impairs his ability to control his sexual behavior." Consequently, the court ordered that Morency's statutory requirement to reregister every 90 days with the Registry be "terminated," and that Morency be required thereafter only to reregister annually for life. Additionally, and significantly in terms of the present appeal, the court ordered that the Clerk of the Court promptly notify the

12

Virginia State Police "that [Morency's] registry information including name and picture shall be removed from the [Registry] and the Internet system associated therewith and maintained by the Virginia State Police."

The thrust of the majority's decision that this judgment did not provide Morency an accrued right immune from the subsequent legislative amendment to former Code § 19.2-298.4(A) rests upon the conclusion that "regardless of the language of the September 30, 2004 order directing the removal of Morency's identifying information from the Internet Registry, removal was a function of statutory authorization, not court order."  This follows from the majority's statutory interpretation that former Code § 19.2-298.4(A) required the circuit court to promptly notify the State Police of the entry of its order, thereby rendering the removal duty of the State Police to be "self-executing."  This narrow interpretation of the statute elevates form over substance, and we have generally disavowed such an analytical approach.  See, e.g., Judicial Inquiry & Review Comm'n v. Elliott, 272 Va. 97, 120, 630 S.E.2d 485, 497 (2006).

There is no patent ambiguity in the language used by the legislature in former Code § 19.2-298.4(A).  The statute provides in clear terms the conditions under which a petition "may" be filed, as well as the evidentiary requirements under

13

which the court "shall" grant the petition. Likewise, the statute clearly mandates that the duty to reregister every ninety days "shall be terminated" upon the court's grant of the petition. The statute further mandates, in equally unambiguous language, that "[t]he State Police shall be notified promptly upon entry of an order granting the petition and Registry information on the offender shall be removed from the Internet system."

Thus, removal of Registry information from the Internet system is a mandated, nondiscretionary consequence of the court's finding that the petitioner is entitled to have the petition granted. It is only upon the court's granting of the petition that the State Police are directed to remove the petitioner's information from the Internet Registry. Therefore, the petitioner's right to removal of this information is a corollary, nonseverable right included in the right to reregistration relief specified by the statute. It is not the statute, but rather, the judgment of the court that establishes the successful petitioner's right to both relief from the 90 day reregistration requirement, and removal of Registry information from the Internet system. Consequently, it does not follow that the language of the statute supports a narrow interpretation that, upon entry of the court order granting the petition, the duty of removal by the State Police was "self-

14

executing." That duty flowed directly from, and in compliance with, the court order entered in accord with the statute.

Because the September 30, 2004 court order granted Morency the right to removal of his identifying information from the Internet Registry and in all other respects was completely in accord with the provisions of former Code § 19.2-298.4(A), I would reverse the circuit court's judgment denying Morency's subsequent petition to enjoin the State Police from reposting his information on the Internet Registry. As the 2004 judgment of the court granted Morency a vested right immune from subsequent changes in the law by the legislature, the retroactive application of the 2006 amendment to former Code § 19.2-298.4(A), now Code § 9.1-909(A), violated Code § 1-239.