# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Payne

July 1, 2008

Case No. CF08001173

BY JUDGE LISA B. KEMLER

Before the Court is the defendant's motion to dismiss the indictment charging the defendant with driving after having been adjudicated an habitual offender, a second or subsequent offense, on the grounds that the order declaring the defendant to be an habitual offender is void for denial of due process.

On January 30, 2008, the defendant was observed by Alexandria Police Officer McClish to be speeding. Following a traffic stop, Officer McClish determined that the defendant had been declared to be an habitual offender and that he had previous convictions for driving after having been adjudicated an habitual offender. As a result, Officer McClish arrested the defendant for the felony offense of driving after having been adjudicated an habitual offender, a second or subsequent offense, in violation of Virginia Code § 46.2-357.

Although the defendant has never been issued a Virginia driver's license, in June 1996, the Department of Motor Vehicles (DMV), pursuant to Virginia Code § 46.2-352 (since repealed), declared the defendant to be an habitual offender due to four driving convictions. Virginia Code §§ 46.2-351 through 46.2-363 were repealed in 1999. Section 46.2-352 gave the DMV the authority to make a determination in an *ex parte* proceeding declaring an individual to be an habitual offender. At the time of the DMV's declaration,

the defendant was incarcerated and, although the DMV followed the statutory procedure by mailing notice to the defendant to his last known residence that it had on file, the defendant never received the notice which would have advised him of his right to challenge the DMV declaration by filing a petition for review in the circuit court. Virginia Code §§ 46.2-352(A) and (B). The defendant did not challenge the declaration, and no guardian *ad litem* was appointed to represent the defendant as required by § 8.01-9(A). The defendant was released from incarceration in 1999, after repeal of the statute, and first learned of the revocation of his driving privileges upon his first charge of driving after having been adjudicated an habitual offender in 2001. (Commonwealth's Exhibit 1.) It appears from the defendant's DMV transcript that he was eligible to file a petition for restoration of his driving privileges pursuant to Virginia Code § 46.2-358 any time after June 5, 2001. He did not do so. However, he did obtain new driving convictions, including four misdemeanor convictions for operating a motor vehicle after having been declared an habitual offender.

Having considered the parties written memoranda, as well as the arguments of counsel, and based on the applicable legal authorities, the Court has determined that the defendant's motion to dismiss should be denied for the following reasons.

As noted above, the defendant has never been issued a Virginia driver's license and, thus, having no property or liberty interest at stake when he was declared an habitual offender, the defendant does not have a valid Due Process claim. In *Bell v. Burson*, 402 U.S. 535, 539, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971), the Supreme Court held that a driver's license, once issued, cannot be revoked or suspended without procedural due process as required by the Fourteenth Amendment. In *Burson*, the defendant was facing suspension of his driver's license and the Supreme Court stated:

> *Once licenses are issued*, as in petitioner's case, *their continued possession* may become essential in the pursuit of a livelihood. Suspension of *issued licenses* thus involves state action that adjudicates important interests of the licensees. In such cases *the licenses* are not to be taken away without that procedural due process required by the Fourteenth Amendment.

*Id.* (Emphasis added.) The defendant herein argues that an individual's right to operate a motor vehicle or to obtain a driver's license is a property right and that it is that right which is at issue here and the state cannot revoke that right without due process of law. In support of his argument, the defendant relies on

12

*Commonwealth v. Shaffer*, 263 Va. 428, 432, 559 S.E.2d 623 (2002), citing *Walton v. Commonwealth*, 255 Va. 422, 428, 497 S.E.2d 869 (1998), for the proposition that "the right to operate a motor vehicle is a conditional privilege, which may not be suspended or revoked without due process of law." In both *Shaffer* and *Walton*, however, the defendants had driver's licenses. In *Shaffer*, the DMV had declared the defendant to be an habitual offender based upon his driving convictions and revoked his license, and, in *Walton*, the defendant was facing suspension of his driver's license due to his conviction for a drug offense pursuant to Virginia Code § 18.2-259.1.

The *Shaffer* Court noted that the *Walton* Court relied upon the U.S. Supreme Court's decision in *Bell v. Burson, supra,* in holding that the right to operate a motor vehicle is a conditional privilege and "the right may not be suspended or revoked without due process of law." At issue in *Shaffer* was whether the defendant had a right to petition the circuit court to review the DMV's *ex parte* determination declaring him an habitual offender after the statute had been repealed. The defendant took the position that " 'once the conditional privilege to operate a motor vehicle is afforded a citizen *by licensing,*' the state cannot 'revoke that privilege in an *ex parte* proceeding without affording the citizen any right to be heard or to challenge its action' ." (Emphasis added.) *Commonwealth v. Shaffer*, 263 Va. at 432 (2002). Because the right to seek judicial review of the DMV determination was merely a procedural remedy and not a substantive right, the Supreme Court held that, once the statute was repealed (§ 46.2-352(B)), the Circuit Court no longer had jurisdiction to review the determination and, in any event, the defendant, who had received notice of the DMV determination, had two years from the date of the revocation of his license to seek judicial review before the repeal of the statute but did not do so.

The case at bar is distinguishable from both *Shaffer* and *Walton* in that the defendant herein never had a property interest at stake when he was declared an habitual offender. In both *Shaffer* and *Walton*, as in *Bell v. Burson*, the property interest at issue was the driver's license that had been issued to each of the defendants, not the mere opportunity to obtain a driver's license. Moreover, the defendant was clearly on notice that he had been declared an habitual offender having been convicted several times over for driving after having been adjudicated an habitual offender and, yet, he never availed himself of the remedy to seek restoration of his ability to obtain a driver's license. For these reasons, the defendant's motion to dismiss is denied.

Due to the Court's ruling set forth above, there is no need to address the other grounds raised by the defendant in support of his motion.