UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Huff, Judges Humphreys and Decker
Argued at Chesapeake, Virginia


REGGIE DONNELL SAUNDERS

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1828-16-1            JUDGE MARLA GRAFF DECKER
                                                    OCTOBER 31, 2017
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick, Jr., Judge

      Ronald G. Reel for appellant.

      Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
      Attorney General, on briefs), for appellee.


       Reggie Donnell Saunders appeals his two convictions for possession of oxycodone with

intent to distribute in violation of Code § 18.2-248.  On appeal, both parties take the position that he

committed only a single offense by possessing two bags of the drug and that his conviction and

punishment for a second count violated the Double Jeopardy Clause of the United States

Constitution.  They disagree, however, regarding the proper remedy for the double jeopardy

violation.  Based upon the Court's independent review, we reverse the circuit court's order

convicting and sentencing the appellant for two counts of possessing oxycodone with the intent to

distribute it to reflect only one, and we remand for limited action as specifically directed in this

opinion.

---

      * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

On July 2, 2015, detectives with the City of Virginia Beach Police Department observed the appellant engage in what appeared to be a series of drug transactions.  When the police approached the appellant as he sat in a car, they saw two bags of pills in his lap and then found an additional bag of pills in his pocket.  After being advised of his rights, the appellant admitted that he was selling prescription medications.

Subsequently, an indictment was issued charging the appellant with possession of oxycodone with intent to distribute in violation of Code § 18.2-248.  The single indictment contained two generic, identically worded counts.  The appellant agreed to plead guilty to both offenses.  The parties stipulated to the discovery of the three bags of pills on the appellant's lap and in his pocket.  The certificate of analysis reflected that one of the bags contained oxycodone, the second bag contained a mixture of oxycodone and acetaminophen, and the third contained alprazolam.

The appellant was convicted of both counts of possessing oxycodone with the intent to distribute.  He was also convicted of distributing alprazolam and distributing a controlled substance within 1000 feet of a school.[1]  All convictions were based upon the appellant's guilty pleas.

The circuit court sentenced the appellant to sixteen years in prison for each count of possession of oxycodone with intent to distribute.  He was sentenced to five years in prison for distribution of alprazolam and an additional five years for distribution of a controlled substance within 1000 feet of a school.  The court ordered all sentences to run concurrently.  It stated that the "total sentence imposed is [sixteen] years," and it suspended "all but [eight] years."

---

[1] The appellant does not challenge these two convictions in this appeal.

## II. ANALYSIS

Both parties agree that the appellant's conviction and sentence for two counts of possession of oxycodone with intent to distribute violate the constitutional prohibition against double jeopardy on the facts of this case. They disagree, however, regarding the proper remedy for the double jeopardy violation.

Under settled principles, an appellate court may not accept even formal concessions of law without independently confirming their correctness.[2] Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (*en banc*); see Jones v. Commonwealth, 293 Va. 29, 59 n.27, 795 S.E.2d 705, 723 n.27, cert. denied, 86 U.S.L.W. 3149 (U.S. Oct. 2, 2017) (No. 16-1337). Consequently, even though the parties agree that a double jeopardy violation occurred, we examine both the double jeopardy issue and the appropriate remedy.

### A. Standard of Review

The appellate court reviews *de novo* a claim that multiple punishments have been imposed for the same offense in violation of the Double Jeopardy Clause. Lawlor v. Commonwealth, 285 Va. 187, 227, 738 S.E.2d 847, 870 (2013). The same *de novo* standard applies to review of determinations involving the interpretation of mandatory and discretionary sentencing statutes. See Woodard v. Commonwealth, 287 Va. 276, 280, 754 S.E.2d 309, 311 (2014).

---

[2] Nevertheless, such concessions of law, made in this case by both the Commonwealth's Attorney and the Attorney General, embody the ethical duties expected of legal advocates for the Commonwealth and are held in high esteem. See, e.g., Stephens v. Commonwealth, 274 Va. 157, 161, 645 S.E.2d 276, 277 (2007) (recognizing the appropriateness of a concession by the Commonwealth); Jones v. Commonwealth, 28 Va. App. 444, 447, 506 S.E.2d 27, 29 (1998) (noting the Attorney General's "candid[] conce[ssion]" on a point of law); see also Va. R. of Prof'l Conduct 3.3 ("Candor Toward The Tribunal"). The Court appreciates the candor of both counsel for the Commonwealth.

B.  Double Jeopardy Violation

The Fifth Amendment of the United States Constitution protects a defendant against double jeopardy.  See, e.g., Payne v. Commonwealth, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999).  "In the single-trial setting, 'the role of the constitutional guarantee is limited to assuring that the [circuit] court does not exceed its legislative authorization by imposing multiple punishments for the same offense.'"  Blythe v. Commonwealth, 222 Va. 722, 725, 284 S.E.2d 796, 798 (1981) (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)), quoted with approval in Johnson v. Commonwealth, 292 Va. 738, 741, 793 S.E.2d 321, 322-23 (2016).  In this context, "the same offense" can include multiple counts of identical offenses arising from the same facts as well as convictions for a greater offense and a lesser-included offense that arise out of the same facts.  See, e.g., Commonwealth v. Hudgins, 269 Va. 602, 605, 611 S.E.2d 362, 364 (2005).

The appellant argues that in the context of the facts of this case, his conviction and sentence for two counts of possession with intent to distribute violates the prohibition against double jeopardy.  The Commonwealth candidly agrees.  The Commonwealth also takes the position that the appellant did not waive his right to assert the double jeopardy challenge by pleading guilty.  Our independent analysis leads us to the same conclusions.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18 applies to bar even constitutional and jurisdictional claims, except those involving subject matter jurisdiction.  See Smith v. Commonwealth, 59 Va. App. 710, 723-24, 722 S.E.2d 310, 316 (2012); see also Morency v. Commonwealth, 274 Va. 569, 577, 649 S.E.2d 682, 686 (2007) (applying Rule 5:25, the Supreme Court's counterpart to Rule 5A:18, to hold that an appellant's failure to raise a separation of powers argument in the circuit court prevented him from asserting such an argument

for the first time on appeal). In keeping with these principles, under certain circumstances, a defendant may waive a double jeopardy violation by pleading guilty. See Cardwell v. Commonwealth, 28 Va. App. 563, 566, 507 S.E.2d 625, 627 (1998); see also Booker v. Commonwealth, 61 Va. App. 323, 330, 734 S.E.2d 729, 732 (2012) (providing that a guilty plea is ordinarily "a waiver of all defenses other than those jurisdictional" (quoting Peyton v. King, 210 Va. 194, 196, 169 S.E.2d 569, 571 (1969))).

The appellant argues that the ends of justice exception to Rule 5A:18 permits him to raise a double jeopardy claim despite the fact that he entered guilty pleas to the offenses at issue. "Application of the ends of justice exception requires proof of an error that was 'clear, substantial and material.'" West v. Commonwealth, 43 Va. App. 327, 338, 597 S.E.2d 274, 279 (2004) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989)). We apply the exception where error has occurred and application "is necessary to avoid a grave injustice or the denial of essential rights." Brown v. Commonwealth, 279 Va. 210, 219, 688 S.E.2d 185, 190-91 (2010) (quoting Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005)); see Ali v. Commonwealth, 280 Va. 665, 669-71, 701 S.E.2d 64, 67-68 (2010); Redman v. Commonwealth, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 272-73 (1997). We hold that the very limited ends of justice exception to Rule 5A:18 applies on the facts of this case for the reasons that follow.[3]

---

[3] We assume without deciding that the appellant's claim does not implicate the court's subject matter jurisdiction and analyze the waiver issue in light of Rule 5A:18 as presented by the parties. See, e.g., Kirby v. Commonwealth, 50 Va. App. 691, 698 n.2, 653 S.E.2d 600, 603 n.2 (2007) (holding that an appellate court must "decide cases 'on the best and narrowest ground'" (quoting Miles v. Commonwealth, 274 Va. 1, 2, 645 S.E.2d 924, 925 (2007) (Kinser, J., concurring))). Compare Slavek v. Hinkle, 359 F. Supp. 2d 473, 481 & n.6 (E.D. Va. 2005) (stating that "[m]any courts, including the Fourth Circuit, have labeled . . . claims [under Menna v. New York, 423 U.S. 61, 62 n.2 (1975) (*per curiam*), discussed *infra* in the text,] 'jurisdictional' challenges to a defendant's guilty plea"), with United States v. Smith, 532 F.3d 1125, 1127 (11th Cir. 2008) (rejecting the notion that the rule in Menna implicates subject matter jurisdiction and treating the rule as an exception to the principle that a guilty plea waives all non-jurisdictional defenses).

Under United States Supreme Court precedent, a double jeopardy claim survives a guilty plea if it is obvious from the "indictment[] and the existing record" that the second offense "'is one [that] the State may not constitutionally prosecute.'" United States v. Broce, 488 U.S. 563, 575-76 (1989) (quoting Menna v. New York, 423 U.S. 61, 62 n.2 (1975) (*per curiam*)); see United States v. Brown, 155 F.3d 431, 434 (4th Cir. 1998); see also Broce, 488 U.S. at 575 ("[W]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, . . . a conviction on that charge [must] be set aside even if the conviction was entered pursuant to a counseled plea of guilty." (quoting Menna, 423 U.S. at 62)). In the context of cases involving both multiple prosecutions and multiple punishments rendered in a single prosecution, a guilty plea does not bar a challenge on double jeopardy grounds where "the claim is that the [Commonwealth] may not convict [the defendant] no matter how validly his factual guilt is established." Menna, 423 U.S. at 62 n.2; see Kaiser v. United States, 489 U.S. 1002 (1989) (vacating and remanding in light of Broce in a case involving multiple punishments in a single prosecution in which the Court of Appeals had held that no double jeopardy violation occurred), on remand, 893 F.2d 1300, 1302-03, 1306-07 (11th Cir. 1990) (applying Broce and Menna to hold that a double jeopardy violation occurred in the single prosecution).

In the case of multiple convictions for possession of the same controlled substance, case law holds that multiple punishments for such convictions violate the Double Jeopardy Clause if the acts of possession are not "sufficiently differentiated by time, location, or intended purpose." Peake v. Commonwealth, 46 Va. App. 35, 41, 614 S.E.2d 672, 676 (2005) (quoting Commonwealth v. Rabb, 725 N.E.2d 1036, 1043 (Mass. 2000)). In Lane v. Commonwealth, 51 Va. App. 565, 659 S.E.2d 553 (2008), for example, police approached the defendant outside his residence near the attached garage. Id. at 569, 659 S.E.2d at 554-55. They found two different bags of oxycodone tablets in different pockets of the clothing he was wearing and a bottle of liquid oxycodone in the garage. Id.

On these facts, the Court held that the defendant could be convicted and punished for only one count of possession with intent to distribute oxycodone because the evidence established only a single general intent with regard to the different containers of the illegal drug. Id. at 578-82, 659 S.E.2d at 559-61.

In the appellant's case, counts one and two of the indictment contain generic, identically worded language charging him with possession of oxycodone with the intent to distribute it. Other than naming the appellant, the substance, and the date of the offense, each count recites only the language of the statute. The stipulation of facts and attachments reflect only that the appellant was found with two bags of oxycodone in his physical possession and that he admitted that he was selling prescription medications. Thus, in the appellant's case, like in Lane, the evidence does not differentiate between the two bags of oxycodone by time, location, or intended purpose. Id. As a result, the face of the record makes clear that a second offense did not occur and that the appellant's conviction and sentence for the second count of possession with intent to distribute violates double jeopardy principles. See Ali, 280 Va. at 669-71, 701 S.E.2d at 67-68. In the face of this clear, substantial, and material error, the ends of justice exception to Rule 5A:18 applies, and the appellant's entry of guilty pleas does not constitute a waiver of his right to challenge the clear double jeopardy violation. See Broce, 488 U.S. at 575-76; Menna, 423 U.S. at 62 n.2.

C. Proper Remedy

The parties disagree over the proper remedy to be applied in this case. The appellant argues that he is entitled, at a minimum, to have one conviction vacated and the other remanded for resentencing. He suggests that his prior sentence was based on a sentencing guidelines calculation that is no longer accurate and that his having been "sentenc[ed] on overstated, higher-than-proper guidelines" resulted in "a violation of his constitutional right to 'fundamental fairness' under the Fourteenth Amendment."

In the case of multiple convictions and punishments for "the same offense" in violation of the constitutional prohibition against double jeopardy, "the excess conviction[] . . . and the related sentence[] [must be] vacated" while the original or primary "conviction and sentence" are "le[ft] in place." See Buchanan v. Commonwealth, 238 Va. 389, 415, 384 S.E.2d 757, 772-73 (1989) (citing Morris v. Commonwealth, 228 Va. 206, 209, 321 S.E.2d 633, 634-35 (1984)). In a case in which a defendant is convicted of a lesser-included offense and a greater offense in a single trial, the proper remedy is to vacate the conviction and sentence for the lesser-included offense. See id. at 415, 384 S.E.2d at 772; cf. Clagett v. Commonwealth, 252 Va. 79, 95-96, 472 S.E.2d 263, 272-73 (1996) (citing Buchanan to vacate a conviction for capital murder based on multiple homicides, which the Court characterized as being "of equal magnitude" but "derivative" of several convictions for capital murder during the commission of robbery). Where the convictions rendered in a single proceeding are for identical offenses with identical punishments, it makes no difference which conviction and sentence are vacated. Cf. Clagett, 252 Va. at 95-96, 472 S.E.2d at 272; Buchanan, 238 Va. at 415, 384 S.E.2d at 772-73.

In this case, the convictions are for identical offenses, but due to the language of the sentencing order, we are unable to discern from the record, because of the way the suspended time was pronounced, whether the punishments are identical. The final order sentenced the appellant to sixteen years in prison for each count of possessing oxycodone with the intent to distribute it. It also sentenced him to five years in prison for distribution of alprazolam and an additional five years for distribution of a controlled substance within 1000 feet of a school. It then provided that all the sentences would run concurrently and suspended "all but [eight] years." The order does not explain whether or, if so, how the suspended time was apportioned among the various sentences. In keeping with the principles set out above, the manner of apportionment of the suspended time may impact which conviction should be vacated. See Buchanan, 238 Va. at 415, 384 S.E.2d at 772.

Accordingly, we remand to the circuit court for clarification of the action it took at sentencing with regard to this suspended time. See Code § 8.01-428(B); Tatum v. Commonwealth, 17 Va. App. 585, 592-93, 440 S.E.2d 133, 138 (1994). We note that the court's authority is limited to correcting the record to reflect "'judicial action *which has actually been taken . . .* at the proper time,'" as opposed to action "[the court] *might have [taken]*" but did not. Davis v. Mullins, 251 Va. 141, 149-50, 466 S.E.2d 90, 94 (1996) (emphasis added) (quoting Council v. Commonwealth, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956)). The circuit court should then apply the legal principles set out above to vacate the appropriate duplicate conviction and related sentence.

Regarding whether the appellant is entitled on remand to resentencing on the remaining conviction due to the impact that vacating the second conviction and sentence would have on the related sentencing guidelines calculations, the decision in Woodard v. Commonwealth, 287 Va. 276, 754 S.E.2d 309 (2014), dictates that the appellant is not entitled to be resentenced.

The defendant in Woodard was convicted of the felony sale of a controlled substance, felony possession of a controlled substance with the intent to distribute it, and felony murder resulting from the death of the person to whom the defendant sold the controlled substance. Id. at 278, 754 S.E.2d at 310. The parties disputed the proper way to calculate the sentencing guidelines for the offenses. Id. The defendant argued that they should be based on the felony sale as the primary offense. Id. at 278, 754 S.E.2d at 310-11. The Commonwealth asserted that the felony murder conviction should be primary. Id. at 278, 754 S.E.2d at 311. The trial court pronounced a sentence that fell in the range between the two calculations. Id. at 279, 754 S.E.2d at 311.

The defendant successfully challenged the felony murder conviction on appeal. Id. He argued that, as a result, he was entitled to a remand for resentencing for the remaining convictions because, on remand, "the sentencing guidelines w[ould] be different than during the first sentencing

hearing." Id. at 281, 754 S.E.2d at 312. The Supreme Court of Virginia disagreed, holding that the defendant was not entitled to a remand for resentencing on the remaining convictions despite the reversal of his felony murder conviction. Id. at 281-82, 754 S.E.2d at 312-13. The Supreme Court pointed to the fact that the sentencing guidelines are "discretionary" rather than "mandatory." Id. at 281, 754 S.E.2d at 312 (quoting West v. Dir. of the Dep't of Corr., 273 Va. 56, 65, 639 S.E.2d 190, 196 (2007)). It reasoned that, by definition, no prejudice could exist because the statutory scheme expressly provides that the manner of application of the guidelines or the failure to follow them "shall not be reviewable on appeal" or serve as "the basis of any other post-conviction relief." Id. at 281-82 & n.2, 754 S.E.2d at 312 & n.2 (quoting Code § 19.2-298.01(F)). The Court concluded that the defendant was "not entitled to seek relief through a new sentencing proceeding because of the fact that the sentencing guidelines with a felony murder conviction would be different than the sentencing guidelines without a felony murder conviction." Id. at 282, 754 S.E.2d at 312. Compare id. at 281-82, 754 S.E.2d at 312-13 (addressing the wholly discretionary sentencing guidelines), with Graves v. Commonwealth, ___ Va. ___, ___, ___ S.E.2d ___, ___, 2017 Va. LEXIS 146, at *15 (2017) (addressing mandatory, statutorily prescribed sentencing ranges and holding that in the case of a sentence fixed in violation of a mandatory range, the defendant is entitled to a new sentencing hearing unless "only [one] sentence [is] available").

In this case, like in Woodard, the appellant is not entitled to a new sentencing proceeding simply because the discretionary sentencing guidelines calculations that result from including two convictions for possession with the intent to distribute oxycodone would be different than the guidelines calculations resulting from the inclusion of only one such conviction.

### III. CONCLUSION

We hold that the appellant's conviction and sentence for two counts of possession of oxycodone with intent to distribute it violated the prohibition against double jeopardy. Based on the

record before us, however, we are unable to determine which conviction and related sentence should be vacated.  Consequently, we remand to the trial court with instructions only to clarify how much active and suspended time it imposed on the appellant's convictions for possession of oxycodone with the intent to distribute it and to vacate one of the two convictions and the corresponding sentence based on the legal principles set out in this opinion.

<u>Reversed in part and remanded with instructions.</u>