COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Senior Judges Clements, Haley and Petty

DUSTIN CHASE WILSON

v.      Record No. 0208-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JULY 5, 2022

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Onzlee Ware, Judge

(J. Thomas Love, Jr., Senior Assistant Public Defender, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; David M. Uberman, Assistant
Attorney General, on brief), for appellee.

Counsel for Dustin Chase Wilson, appellant, filed a brief on his behalf accompanied by a

motion for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967).

A copy of that brief has been furnished to appellant with sufficient time for him to raise any

matter that he chooses. Appellant has not filed any *pro se* supplemental pleadings. Appellant,

through counsel, contends that the trial court abused its discretion "by imposing an active

three-month sentence for [his] probation violation." After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the judgment of the trial court.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

In April 2012, upon his plea of *nolo contendere*, the trial court convicted appellant of aggravated sexual battery and sentenced him to ten years' incarceration with six years suspended. Before his release, appellant was classified as a sexually violent predator and was transferred to the Virginia Center for Behavioral Rehabilitation. In 2019, after appellant received two misdemeanor convictions for providing false information to obtain utilities, the trial court revoked appellant's suspended sentence and re-suspended all but thirty days.

In January 2022, appellant pleaded guilty to failing to register as a sex offender. Appellant unlawfully had maintained an unregistered social media account. Appellant was required to register all email and social media profiles within thirty minutes of their creation, and he failed to do so. In a joint recommendation, appellant stipulated that he violated the terms of his probation by suffering the new conviction. The Commonwealth and appellant asked the trial court that the remaining "five years eleven months [of his suspended sentence] be revoked and re-suspended after three months are served." The trial court imposed the agreed upon sentence.

Thereafter, appellant moved the court to reconsider the sentence. In his motion, appellant stated that his ninety-two-year-old grandmother was in poor health and he wished to spend time with her. He further stated that while he was in jail, he contracted COVID-19. Finally, he asked the trial court to "modify the sentence it imposed on January 18, 2022 by either reducing the active sentence or allowing [him] to serve his active sentence on weekends." The trial court denied the motion. This appeal followed.

ANALYSIS

Appellant argues that the "violations alleged in the major violation report were minor and resulted from [his] desire to be gainfully employed." He asserts that the "imposition of an active three-month sentence was unduly harsh under the circumstances and the trial court should have rejected the agreed-upon resolution."

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

"If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.* Appellant does not contend that the trial court did not have sufficient cause to revoke his suspended sentence; indeed, he stipulated that he had violated the terms of the suspended sentence. Rather, appellant argues only that the imposed, and agreed-upon, sentence was "unduly harsh."

> If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

- 3 -

Code § 19.2-306.1(B). The record demonstrates that appellant had suffered a new criminal conviction during the suspension period. Thus, it was within the trial court's discretion to "impose or resuspend any or all" of the previously-suspended sentence. *Id.* It was equally within the trial court's purview to weigh any mitigating factors appellant presented, such as the challenges in obtaining substance abuse treatment. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Appellant's disregard of the terms of his suspended sentence supports a finding that he was not amendable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Appellant failed to make productive use of the grace that had been extended to him and continued to engage in criminal conduct during the suspension period.

Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of its sentencing discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Dustin Chase Wilson is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*