COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Haley and Beales
Argued at Alexandria, Virginia


STANLEY HUNTER, A/K/A
  LEONARD CUTHBERTSON
                                                          OPINION BY
v.        Record No. 0868-09-4          CHIEF JUDGE WALTER S. FELTON, JR.
                                                          JULY 27, 2010
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                                James F. Almand, Judge

            Matthew T. Foley, Acting Public Defender (Office of the Public
            Defender, on briefs), for appellant.

            Jennifer C. Williamson, Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Stanley Hunter ("appellant") appeals the decision of the Circuit Court of Arlington County

("trial court") revoking his probation and reimposing six months of his previously suspended

sentence.  He contends the trial court lacked jurisdiction to revoke his probation, asserting that his

probation revocation hearing was held after the statutory time limitation prescribed by Code

§ 19.2-306 had expired.  For the following reasons, we affirm the judgment of the trial court.

                                    I.  BACKGROUND

        On May 1, 2002, appellant was convicted of grand larceny in violation of Code § 18.2-95

and sentenced to four years imprisonment.  The trial court imposed an active term of incarceration

of twenty-two months.  It suspended the remainder of appellant's sentence for three years

conditioned on his being placed on supervised probation for a period of three years following his release from incarceration.[1]

On February 13, 2003, appellant was released from incarceration and began his period of supervised probation. On April 10, 2004, the trial court was notified that appellant had violated the terms of his probation. On May 28, 2004, the trial court issued a show cause order for appellant to appear before it to show cause why his probation should not be revoked and his suspended sentence reimposed. On July 26, 2004, after appellant failed to appear for the show cause hearing, the trial court issued a bench warrant for his arrest.[2] On September 24, 2008, appellant was served with the bench warrant, while he was in the Fairfax County jail on an unrelated charge.

At his April 3, 2009 probation revocation hearing, appellant argued that the trial court lacked jurisdiction to revoke his probation and his suspended sentence. He asserted that, pursuant to Code § 19.2-306, the trial court lost its "subject matter jurisdiction" to revoke his probation and suspended sentence because he was not served with the bench warrant charging the probation violation and brought before the trial court on that charge within one year following the end of his three-year probation period. The trial court rejected appellant's argument, ruling that Code § 19.2-306, as amended in 2002, required only that a bench warrant charging his probation violation be issued within one year following the end of his probation period. It concluded that, because the

---

[1] We note that, while "probation" is often used interchangeably with "suspended sentence," the terms refer to different sentencing matters. See Grant v. Commonwealth, 223 Va. 680, 685, 292 S.E.2d 348, 351 (1982); Carbaugh v. Commonwealth, 19 Va. App. 119, 126, 449 S.E.2d 264, 268 (1994). "Probation is an option available to the sentencing court as one of multiple 'reasonable terms and conditions' the court has 'the authority to fix . . . for the suspension of execution of a sentence.'" McFarland v. Commonwealth, 39 Va. App. 511, 516, 574 S.E.2d 311, 313 (2002) (quoting Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738, 739 (1999)). A court may suspend the imposition or execution of a sentence with or without probation, and impose probation with or without supervision.

[2] The bench warrant listed appellant's name as well as his two known aliases, Leonard Cuthbertson and Leonard Green.

bench warrant charging appellant's probation violation was issued within the statutory time limits, it retained jurisdiction to revoke his probation and suspended sentence. It found appellant guilty of violating the terms of his probation, revoked his suspended sentence, resuspended all but six months of that sentence, and placed him on supervised probation for two years following his release from incarceration.[3]

## II. ANALYSIS

On appeal, as he did in the trial court, appellant contends the trial court erred in denying his motion to dismiss the revocation proceeding. He asserts that the provisions of Code § 19.2-306 in effect at the time of his conviction and sentencing in May 2002, not the amendment to that statute effective July 1, 2002, governed the trial court's authority to revoke his probation and his suspended sentence.

On appeal, we review *de novo* questions of law and the "trial court's application of defined legal standards to the particular facts of a case." Watts v. Commonwealth, 38 Va. App. 206, 213, 562 S.E.2d 699, 703 (2002).

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" Price v. Commonwealth, 51 Va. App. 443, 448, 658 S.E.2d 700, 703 (2008) (quoting Pierce v. Commonwealth, 48 Va. App. 660, 667, 633 S.E.2d 755, 758 (2006)). We have previously "noted the wide latitude the legislature has afforded trial courts in fashioning rehabilitative programs for defendants." Nuckoles v. Commonwealth, 12 Va. App. 1083, 1085, 407 S.E.2d 355, 356 (1991) (citing Grant v. Commonwealth, 223 Va. 680, 685, 292 S.E.2d 348, 351 (1982)); see, e.g., Code § 19.2-304 (permitting trial court to "subsequently increase or decrease the probation period and may revoke or modify any condition of probation").

---

[3] Appellant admitted to the trial court that he had violated the terms of his probation.

"[P]robation statutes . . . should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals." Grant, 223 Va. at 684, 292 S.E.2d at 350.

Prior to the 2002 amendment, Code § 19.2-306 required that a person accused of violating the terms of his probation be arrested and brought before the trial court within one year following the end of his probation period.[4] Effective July 1, 2002, Code § 19.2-306 was amended by deleting the requirement that a person charged with violating his probation be arrested and brought before the trial court within one year following the end of his probation period. 2002 Va. Acts ch. 628. As amended, Code § 19.2-306, in effect when appellant was released from incarceration and began his period of probation on February 13, 2003, provides that the "court may not conduct a hearing to revoke the suspension of sentence unless the court, within one year *after the expiration of the period of probation* or the period of suspension, *issues process to notify the accused* or to compel his appearance before the court." Code § 19.2-306(B) (2002) (emphasis added).

Citing Morency v. Commonwealth, 274 Va. 569, 574, 649 S.E.2d 682, 684 (2007),[5] appellant asserts that his May 2002 sentencing order was a final judgment order and that Code § 1-239[6] vested him with an accrued right to the law governing probation revocation procedures in

---

[4] Prior to the 2002 amendment, Code § 19.2-306 provided, in pertinent part:

> [T]he court may, for any cause deemed by it sufficient which occurred at any time within the probation period, . . . revoke the suspension of sentence and any probation, if the defendant be on probation, and *cause the defendant to be arrested and brought before the court at any time within one year after the probation period* . . . .

Code § 19.2-306 (1978) (emphasis added); 1978 Va. Acts ch. 687.

[5] Morency involved a statutory change permitting reposting of sexual offender identifying information on the Internet when a prior court order directed that information be deleted. 274 Va. at 572-73, 649 S.E.2d at 683.

[6]  No new act of the General Assembly shall be construed to repeal a former law, as to any offense committed against the former law, or

- 4 -

effect at that time. He argues that the law governing probation revocation proceedings as applied to him required that he be arrested and brought before the trial court prior to February 13, 2007 (one year following the end of his probation period) for violating his probation. He contends that because he was not brought before the trial court within that time period, the trial court lacked "subject matter jurisdiction"[7] to conduct the probation violation proceeding and to revoke his suspended sentence.[8] We find his argument to be without merit.

> as to any act done, any penalty, forfeiture, or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred, or any right accrued, or claim arising before the new act of the General Assembly takes effect; *except that the proceedings thereafter held shall conform, so far as practicable, to the laws in force at the time of such proceedings*; and if any penalty, forfeiture, or punishment be mitigated by any provision of the new act of the General Assembly, such provision may, with the consent of the party affected, be applied to any judgment pronounced after the new act of the General Assembly takes effect.

Code § 1-239 (emphasis added).

[7] "'Jurisdiction is a term which can engender much confusion because it encompasses a variety of separate and distinct legal concepts.' Subject matter jurisdiction, however, is only one of several varieties of jurisdiction." Mohamed v. Commonwealth, 56 Va. App. 95, 98-99, 691 S.E.2d 513, 514 (2010) (quoting Porter v. Commonwealth, 276 Va. 203, 228, 661 S.E.2d 415, 426 (2008)). The "Supreme Court has distinguished subject matter jurisdiction as a unique form of jurisdiction and has defined it as a type of jurisdiction (1) that is granted to courts by constitution or statute and (2) that delineates a court's ability to adjudicate a defined class of cases or controversies." Id. at 99, 691 S.E.2d at 515. A "circuit court ha[s] subject matter jurisdiction over [a probation] revocation hearing because the General Assembly has granted that court subject matter jurisdiction over the specific class of cases of which this case is a member – the prosecution and the rehabilitation of criminals." Id. at 100, 691 S.E.2d at 515 (citing Code § 17.1-513). The question presented in this appeal is not one of whether the trial court had subject matter jurisdiction to revoke appellant's probation, it clearly did, but whether the trial court had authority jurisdiction within the time limitation provided in Code § 19.2-306 to revoke his probation. See Mohamed, 56 Va. App. at 101, 691 S.E.2d at 516 ("[w]hile the authority to exercise jurisdiction is a type of jurisdiction, it is distinct from subject matter jurisdiction").

[8] Appellant also cites Farmer v. Commonwealth, No. 2506-06-4 (Va. Ct. App. Jan. 29, 2008), an unpublished decision of this Court, to support his position that the pre-2002 version of Code § 19.2-306 controls here. In Farmer, the accused was convicted on October 8, 1998 and

In <u>Morency</u>, the Supreme Court noted that "a final judgment order may vest a litigant with an accrued right for purposes of Code § 1-239." 274 Va. at 574, 649 S.E.2d at 684. It continued to say that "[t]his conclusion, however, does not end our inquiry. The nature of the specific 'right' embodied in the judgment order must be determined." <u>Id.</u> at 574-75, 649 S.E.2d at 684. Here, the *nature of the specific right to be determined* is whether appellant's probation is governed by the 2002 amendment to Code § 19.2-306, a statute that provides "*procedural* time limits . . . to safeguard the due process rights of persons receiving suspended sentences or probation." <u>Atkins v. Commonwealth</u>, 2 Va. App. 329, 332, 343 S.E.2d 385, 387 (1986) (emphasis added).

"[T]he issue at a [probation] revocation proceeding is not what sentence to impose upon the defendant for his prior criminal conviction, but whether to continue all or any portion of a previously imposed and suspended sentence due to the defendant's failure to abide by the terms of his probation." <u>Alsberry v. Commonwealth</u>, 39 Va. App. 314, 318, 572 S.E.2d 522, 524 (2002).

> As the Supreme Court held long ago, "[statutory] alterations which do not increase the punishment, nor change the ingredients of the offence or the ultimate facts necessary to establish guilt . . . *relate to modes of procedure only*, in which no one can be said to have a vested right, and which the State, upon grounds of public policy, may regulate at pleasure."

<u>Pilcher v. Commonwealth</u>, 41 Va. App. 158, 169, 583 S.E.2d 70, 75 (2003) (quoting <u>Hopt v. Utah</u>, 110 U.S. 574, 590 (1884)).

---

sentenced to six months in jail. He was placed on supervised probation at that time, and his sentence of imprisonment was suspended for two years, conditioned on his successful completion of his probation. He violated the terms of his probation and a bench warrant was issued in 1999, but he was not brought before the trial court until 2006. His probation period ended on October 8, 2000. Code § 19.2-306 in effect at that time required that he be arrested and brought before the court within one year following the end of his probation period. The one-year period following the end of his probation period concluded on October 8, 2001. The trial court lost its authority to exercise its jurisdiction to conduct a revocation proceeding in 2001, *prior* to the 2002 amendment to Code § 19.2-306. On appeal, the parties stipulated that "the statute as in force in 1999 controls." <u>Farmer</u>, No. 2506-06-4, slip op. at 3.

Because the 2002 amendment to Code § 19.2-306 altered only the time period within which a probationer charged with violating the terms of his probation must be brought before the trial court for a hearing on that charge, that amendment was *procedural* in nature. "[A] procedural remedy . . . 'may be altered, curtailed, or repealed at the will of the legislature' and therefore [does] not give rise to any vested interest." Morency, 274 Va. at 576-77, 649 S.E.2d at 685 (quoting Commonwealth v. Shaffer, 263 Va. 428, 432-33, 559 S.E.2d 623, 626 (2002)).

Here, the trial court's May 1, 2002 sentencing order states that appellant "is placed on probation *to commence on his release from incarceration*, under the supervision of a Probation Officer for three (3) years . . . . The defendant shall comply with all the rules and requirements set by the Probation Officer." (Emphasis added).

The procedural law governing appellant's probation is governed by the statute in effect at the time he was placed on probation after serving a portion of his imposed sentence. Accordingly, we conclude that the trial court did not err in applying the provisions of Code § 19.2-306 in effect when appellant began his period of probation on February 13, 2003. On July 1, 2002, appellant was serving a sentence of active incarceration imposed by the trial court on May 1, 2002. On February 13, 2003, after the July 1, 2002 effective date of the amendment to Code § 19.2-306, appellant was released from incarceration and placed on supervised probation, a condition for which his remaining sentence had been suspended. He thereafter violated the terms of his probation. The trial court issued a bench warrant for his arrest for violating his probation on July 26, 2004, well within the time period prescribed by the 2002 amendment to Code § 19.2-306 in effect at that time. Because appellant's probation revocation proceeding was conducted in compliance with the procedures in effect at the time his probation began, we conclude that the trial court properly exercised its jurisdiction pursuant to Code § 19.2-306 in

finding that appellant violated his probation and in sentencing him accordingly.  See Smith v. Commonwealth, 219 Va. 455, 476, 248 S.E.2d 135, 148 (1978).

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.