COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, Chaney and Callins

UNPUBLISHED

ROGER LEE RAWLINGS, JR.

v.        Record No. 0883-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
JUNE 7, 2022

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Thomas J. Wilson, IV, Judge

(Robert G. Munro; Robert G. Munro, PLLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Ken J. Baldassari, Assistant
Attorney General, on brief), for appellee.


Roger Lee Rawlings, Jr. appeals from the judgment of the Circuit Court of Rockingham

County revoking the entirety of his previously suspended sentence. Rawlings contends that the trial

court abused its discretion by revoking the balance of his two-year suspended sentence. After

examining the briefs and record, we find that oral argument is unnecessary because "the appeal is

wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Thus, we affirm the judgment of the

trial court.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In

doing so, we discard any of the appellant's conflicting evidence, and regard as true all credible

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On April 4, 2019, the trial court convicted Rawlings, upon a guilty plea, for third offense petit larceny and sentenced him to two years and three months of imprisonment with two years suspended. In October 2020, Rawlings's probation officer filed a major violation report alleging that Rawlings had been convicted of trespassing in 2019 and again in 2020. Rawlings was also charged with public intoxication and possession of a controlled substance with the intent to distribute in September 2020. In an addendum to the major violation report, the probation officer reported that Rawlings was also arrested on October 16, 2020, on six new charges, including two counts of assault and battery of a law enforcement officer.

Following a revocation hearing, the trial court found that Rawlings violated the terms and conditions of his probation. The trial court also noted that, before the hearing, Rawlings stipulated that he had violated the terms and conditions of his probation by receiving the new convictions. The trial court continued the case for Rawlings to "be re-evaluated to determine his eligibility for entry into the Community Corrections Alternative Program (CCAP)." At the final revocation hearing, the trial court was informed that Rawlings had not been approved for the CCAP program. Rawlings stressed that he "is in the position he's in because of his substance abuse problems." Rawlings also expressed frustration because he had sought help for his addiction "but everywhere [he] reached out to they denied [him], so it knocked [him] back to square one."

The trial court reviewed the sentencing guidelines,[1] noted that Rawlings was serving a fifteen-month sentence on his new convictions, and "in light of the guidelines which take into consideration [Rawlings's] criminal history, [and] in light of everything that's happened here," the

---

[1] The sentencing guidelines recommended a sentence of one year and three months to four years.

trial court determined that it was appropriate to "impose a [two-year] sentence that is outstanding on these charges." This appeal followed.

## ANALYSIS

Rawlings argues that the trial court abused its discretion after finding him in violation of his probation by imposing a two-year active sentence.[2] After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

"If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.* Rawlings does not contend that the trial court lacked sufficient cause to revoke his suspended sentence. He stipulated to the trial court that

---

[2] The issue of whether the trial court properly considered any mitigating factors in revoking Rawlings's suspended sentence was adequately preserved for appeal, as Rawlings specifically argued to the court that it should consider that his criminal behavior was caused by his addiction to controlled substances and that he had been rejected by every rehabilitative program that could treat his addiction. *See Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010) ("In analyzing whether a litigant has satisfied the requirements of Rule [5A:18], this Court has consistently focused on whether the trial court had the opportunity to rule intelligently on the issue.").

he had violated the terms of his suspended sentence. Rather, Rawlings argues that the trial court abused its discretion because his "criminal behavior stemmed from an addiction to controlled substances," he had been "reject[ed] by programs that would address the underlying cause of his criminal behavior," and he "was serving a substantial [fifteen-month] active sentence for his new convictions."

As relevant to Rawlings's claim, Code § 19.2-306.1(B) provides that

> [i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

The record shows that Rawlings incurred new criminal convictions during the suspension period. Thus, it was within the trial court's discretion to "impose or resuspend any or all" of the previously suspended sentence. Code § 19.2-306.1(B). It was equally "within the trial court's purview to weigh any mitigating factors" Rawlings presented, such as his challenges in obtaining substance abuse treatment. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The trial court was not obligated, however, to explain the specific weight it afforded to each piece of evidence, because "[a]bsent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)). Still, the trial court in this case expressly stated that it had considered "everything that's happened here."

Moreover, "[t]he statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Rawlings's disregard of the terms of his suspended sentence supports a finding that he was not receptive to rehabilitation. "When coupled with a suspended sentence,

probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Rawlings failed to make productive use of the grace extended to him and continued to engage in criminal conduct during the suspension period. Thus, we hold that the trial court's revocation of Rawlings's previously suspended sentence in its entirety represents a proper exercise of its sentencing discretion. *Cf. Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (holding that the trial court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety, "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed*.