COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, O'Brien and Russell*

DAKOTA CRAIG RUSSELL

v.      Record No. 0078-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION**
PER CURIAM
JULY 26, 2022

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Robert G. MacDonald, Judge

(Samantha Offutt Thames, Senior Assistant Public Defender;
Indigent Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Timothy J. Huffstutter,
Assistant Attorney General, on brief), for appellee.


Dakota Craig Russell appeals from the judgment of the Circuit Court of the City of

Chesapeake revoking his previously suspended sentences and imposing three years and six months'

incarceration. Appellant contends that the trial court abused its discretion by imposing the sentence

for his admitted probation violation. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the judgment of the trial court.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In

---

* Justice Russell participated in the hearing and decision of this case prior to his
investiture as a Justice of the Supreme Court of Virginia.

** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

In 2012, the trial court convicted appellant of obtaining money by false pretenses and uttering a forged check and sentenced him to six years' incarceration with all time suspended. In 2013, appellant pleaded guilty to possessing cocaine and the trial court sentenced him to four years' incarceration with all time suspended. The trial court also revoked his previously suspended sentences and resuspended a portion of each sentence. The trial court revoked and resuspended in part appellant's previously suspended sentences in 2014 and 2019. Appellant was released to supervised probation in February 2020.

In November 2020, appellant's probation officer filed a major violation report alleging that appellant had absconded from supervision. In a November 2021 addendum, the probation officer reported that appellant also had been charged with new criminal offenses. Appellant later was found guilty of driving without a license, failure to appear, and petit larceny.

At the revocation hearing, appellant admitted that he repeatedly had violated the terms of his suspended sentences. The Commonwealth emphasized appellant's extensive criminal history, noted that this was appellant's fourth revocation hearing and asked the trial court to impose a sentence of three and a half years, to be served in the Department of Corrections' "therapeutic setting."

Appellant proffered that he would live in Portsmouth with his fiancée, that he was the father of three children, including a newborn, and that he had secured regular employment before his most recent arrest, to which he could return upon his release. He argued for a sentence within the guidelines, which ranged from three months to one year.

The trial court noted that it "appreciate[d]" appellant's mitigating evidence and apology, but it found that appellant had a "long list of issues" with probation and that probation was "not

working very well" for him. The trial court further found that a therapeutic community was "essential" for appellant and that imposing a one-year sentence or less would prevent appellant's eligibility for the program. The trial court revoked appellant's suspended sentences and resuspended them in part, leaving him with an active sentence of three years and six months' incarceration.

ANALYSIS

Appellant argues that the trial court abused its discretion by not resuspending more of his previously suspended sentences. He suggests that the "2021 adjustments to the Sentencing Guidelines for probation violations indicate a further bolstering" of the "rehabilitative purpose for probation violations." He further argues that his "mitigation evidence justified a lesser sentence" and that the "trial court should have imposed other, less restrictive terms."

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Moreover, under the revocation statute in effect when this revocation proceeding began, once the trial court found that he had violated the terms of the suspension, it was obligated to revoke the suspended sentence and the original sentence became "in full force and effect." Code § 19.2-306(C)(ii) (2020).[2] The trial court was permitted—but not required—to resuspend all or part of the sentence. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002). "In revocation appeals, the trial court's 'findings of

---

[2] Although Code § 19.2-306(C) was amended effective July 1, 2021, appellant does not argue that the statutory amendment applied in his case and this Court recently held that it did not apply when, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment. *See Green v. Commonwealth*, 75 Va. App. 69, 84, n.4 (2022). Moreover, even under the new statutory framework, the trial court has discretion to impose the balance of a previously suspended sentence when a probationer commits a new offense during the suspension period. *See* 2021 Va. Acts Sp. Sess. I, ch. 538; Code § 19.2-306.1(B).

fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

Appellant does not contend that the trial court did not have sufficient cause to revoke his suspended sentence; indeed, he stipulated that he had violated the terms of the suspended sentences. The record demonstrates that appellant had acquired new criminal convictions during the suspension period. Thus, it was within the trial court's discretion to "impose or resuspend any or all" of the previously-suspended sentences. It was equally within the trial court's purview to weigh any mitigating factors appellant presented, such as challenges in obtaining substance abuse treatment. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Appellant's continued disregard of the terms of his suspended sentence supports a finding that he was not amendable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Appellant failed to make productive use of the opportunities that had been extended to him repeatedly and continued to engage in criminal conduct.

Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of its sentencing discretion.

- 4 -

## CONCLUSION

For the foregoing reasons, the trial court's decision is affirmed.

*Affirmed.*