COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Fulton and Ortiz

ANTONIO OSORIO, SOMETIMES KNOWN AS
 ANTONIO OSORIO-PACHECO

MEMORANDUM OPINION*
v.      Record No. 0126-22-3                                    PER CURIAM
                                                        SEPTEMBER 27, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(Richard G. Morgan, on brief), for appellant.  Appellant submitting
on brief.

 (Jason S. Miyares, Attorney General; Ken J. Baldassari, Assistant
Attorney General, on brief), for appellee.


Antonio Osorio appeals from the decision of the Circuit Court of Rockingham County

revoking the entirety of his previously suspended sentence.  Osorio contends that the trial court

abused its discretion when it "substantially departed from the [s]entencing [g]uidelines and revoked

the remaining [t]welve (12) years of [his] previously-suspended sentence."  After examining the

briefs and record in this case, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).  We affirm

the decision of the trial court.

BACKGROUND

"The evidence is considered in the light most favorable to the Commonwealth, as the

prevailing party below."  *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013).  Osorio was a

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.  .

Cuban citizen admitted to the United States as a political refugee. On August 18, 2008, the trial court convicted appellant of aggravated sexual battery of a victim under thirteen years of age and sentenced him to fifteen years' incarceration, with twelve years suspended. The trial court conditioned the suspended sentence on five years of supervised probation. Additionally, the trial court required Osorio to register as a sex offender.

On February 27, 2012, Osorio's probation officer prepared a major violation report, asserting that Osorio violated the terms and conditions of his probation because he failed to meet with his probation officer within three days of his release from incarceration and as instructed thereafter. Osorio's probation officer reported that Osorio's whereabouts were unknown. The trial court issued a capias for Osorio's arrest based on the alleged violation of the terms of his probation. The probation officer subsequently filed two addenda, stating that Osorio failed to register as a sex offender, and consequently, was charged for his failure to register. A third addenda was filed, reporting that the Stafford County Circuit Court convicted Osorio of failure to register as a sex offender and sentenced him to five years' incarceration, with four years and eight months suspended. Osorio was released from Coffeewood Correctional Center directly into the custody of United States Immigration and Customs Enforcement (ICE). ICE ultimately released him based on his refugee status.

At the revocation hearing, Osorio did not contest that he violated the terms of his probation and suspended sentence. He testified that he had family in New York but did not have any contacts in Virginia. In 2012, Osorio's probation officer denied his request to move to New York and live with his brother because the residence was too close to a day care center. Osorio testified that he lived in Texas between 2012 and 2021, and then travelled to New York, where he was arrested a few days later. He also testified that he suffered from several medical issues, including a brain infection, "a problem with [his] heart," diabetes, and a hernia.

The trial court found that Osorio violated the terms of his supervised probation and suspended sentence. The Commonwealth requested that the trial court revoke and impose "as much of the suspended time as possible," and Osorio requested "as little of the suspended time as possible."[1] The trial court found Osorio not credible. The trial court considered the seriousness of his underlying charge and how, during the probationary period, he absconded from supervised probation "for almost a decade" and incurred a new felony conviction. The trial court determined that Osorio's "efforts to evade supervision create[d] a danger to the community and children." Finally, the trial court concluded that Osorio would "not comply with supervision if given less than his full sentence." The trial court decided to "substantially depart from the [discretionary sentencing] guidelines" and revoked and imposed the entirety of Osorio's previously suspended twelve-year sentence. This appeal followed.

ANALYSIS

Osorio argues that the trial court abused its discretion when it "substantially depart[ed]" from the discretionary sentencing guidelines and revoked and imposed the entirety of appellant's twelve-year suspended sentence. He asserts that the revocation was an "arbitrary abuse" of discretion in consideration of "various interruptions in supervision caused by [a]ppellant's serious medical issues for which he was hospitalized . . . [and] having been taken into [f]ederal custody on account of his immigration status."

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse

---

[1] The discretionary sentencing guidelines provided for an active sentencing range between no time and one year.

of discretion.'" *Jacobs*, 61 Va. App. at 535 (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

At the revocation hearing the trial court heard evidence about Osorio's medical conditions and about his federal detention. The trial court found that Osorio was not credible. In addition, the trial court weighed Osorio's mitigating evidence against evidence that, during the probationary period, he absconded from supervised probation for nearly a decade and incurred a new criminal conviction. The trial court explicitly considered the seriousness of Osorio's underlying conviction, aggravated sexual battery of a victim under the age of thirteen, as well as the danger he posed to the community. The trial court determined that Osorio would not comply with prospective supervised probation if he was given less than his full sentence.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). By continuing to disregard the terms of his suspended sentence and absconding for almost ten years, appellant demonstrated that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Osorio failed to make productive use of the grace that was extended to him.

The record establishes that the trial court had sufficient cause to revoke Osorio's suspended sentence. Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of discretion.

Moreover, to the extent that Osorio argues that his sentence was disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the

possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

## CONCLUSION

For the foregoing reasons, the trial court's decision is affirmed.

*Affirmed.*