COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Ortiz and Causey

RICKY LEE MOTLEY

                                                 MEMORANDUM OPINION*

v.       Record No. 0872-22-3                       PER CURIAM
                                                      JANUARY 31, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

(Gregory T. Casker, on brief), for appellant.

(Jason S. Miyares, Attorney General; Craig W. Stallard, Senior
Assistant Attorney General, on brief), for appellee.


Ricky Lee Motley appeals from the judgment of the trial court revoking his previously

suspended sentences and imposing two years and ten months of active incarceration. He asserts

that the trial court's sentencing decision constituted an abuse of discretion because it failed to

consider his "efforts to maintain a home and his health while suffering from cancer." After

examining the briefs and the record in this case, we find that the evidence demonstrates that the

trial court considered evidence that Motley made efforts to comport with the terms of his

suspension but ultimately concluded that he violated several of the terms of his suspension

warranting reinstatement of his sentences. The trial court did not abuse its discretion, and as

such we affirm the trial court's judgment. Furthermore, we unanimously hold that oral argument

is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule

5A:27(a).

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

On November 2, 2011, the trial court convicted Motley of three counts of forgery, three counts of uttering a forged check, and three counts of petit larceny. The trial court sentenced him to fifteen years and thirty-six months of incarceration, with all but three years suspended. Motley was released from incarceration in August 2014 and reported to probation but by March 2015, he had reoffended. In addition, according to his probation and parole officer, Motley "had absconded from supervision" such that his whereabouts were unknown to his probation officer. Consequently, the trial court revoked and resuspended a portion of Motley's sentences. Upon his release in 2017, Motley was convicted of grand larceny and driving on a revoked license. The trial court again revoked and resuspended a portion of Motley's sentences. In January 2021, the trial court found that Motley had violated his probation by using cocaine. It again revoked his previously suspended sentences of ten years and forty-four months and resuspended all of his sentences except the twenty-seven days served.

On March 23, 2021, Motley returned to supervised probation. Beginning May 2021, his probation officer could not reach him by phone. In August 2021, Motley missed an appointment with his probation officer. When his probation officer finally spoke to him in September 2021, Motley stated that he was on his way to the hospital. Motley's probation officer instructed him to call when he was released from the hospital, but Motley never communicated with the probation office. In October 2021, Motley moved out of his apartment without notifying the

probation office and did not provide a forwarding address. After his probation officer confirmed that Motley was not hospitalized, incarcerated, or dead, he filed a major violation report on November 29, 2021, alleging Motley failed to follow his probation and parole officer's instruction (Condition 6), had failed to obtain his probation and parole officer's permission to change his residence (Condition 10), and had absconded from supervision such that his whereabouts were unknown (Condition 11).

At the revocation hearing, Motley admitted that he had violated the terms of the suspension and asked that the trial court impose a sentence at the "low end" of the sentencing guidelines or that he be held locally. Motley admitted that "nothing [had] changed" concerning his cancer condition since his release in January 2021. He testified that his girlfriend had been evicted from her apartment, but admitted that he was responsible for staying in touch with his probation officer. At the conclusion of the evidence, Motley stressed that he was not offering evidence of his poor health as an "excuse" for his violations, but rather to provide the trial court with "some background as to . . . his current health." He noted that before he was hospitalized he was "doing okay" with reporting.

The trial court found it "unbelievable" that Motley was before the court for a fourth probation violation. The court found that Motley moved without permission, absconded, was untruthful and could not follow instructions. The trial court emphasized that Motley had been sentenced to time served for his last violation in consideration of his medical issues, despite the sentencing guidelines recommending up to two years of incarceration. The trial court found that Motley had not been "following through with probation . . . for years." The court found Motley in violation, revoked the balance of his previously suspended sentences, resuspended seven years, four months, and three days, and imposed two years and ten months of active incarceration. Motley appeals the revocation of his previously suspended sentences.

- 3 -

ANALYSIS

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A).[1] Upon "find[ing] good cause to believe that the defendant has violated the terms of suspension," the trial court has authority to "revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs*, 61 Va. App. at 535 (quoting *Davis*, 12 Va. App. at 86).

Motley does not dispute that the trial court had sufficient cause to find him in violation of the conditions of his suspended sentences. Instead, he maintains that the sentence the trial court imposed was excessive because it "ignore[d] [his] efforts and labors to comply with the conditions of his probation despite being evicted from his place of residence for no fault of his own and being actively treated for serious physical conditions; namely, cancer, COPD and asthma." Motley asserts that the trial court's sentence failed to consider that he was "trying to deal with a debilitating and deadly disease." We find no abuse of the trial court's sentencing discretion.

The record demonstrates that Motley had previously absconded from supervision in 2015. At his most recent revocation hearing in 2022, the court found Motley violated his probation again by absconding from supervision for a second time. Under Code § 19.2-306.1(C), a first technical violation based on Code § 19.2-306.1(A)(x), failing to maintain contact with the probation officer, shall be considered a second technical violation, and any subsequent technical

_____

[1] Code § 19.2-306(A) was amended effective July 1, 2021, but Motley does not argue that the statutory amendment governs his case.

violation also based on subsection (A)(x) shall be considered a third or subsequent technical violation. Accordingly, the trial court was entitled to revoke his previously suspended sentences and to "impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B); *see also* Code § 19.2-306.1(C) ("The court may impose whatever sentence might have been originally imposed for a third or subsequent technical violation."). In deciding what part, if any, of those sentences to resuspend, it was within the trial court's purview to weigh any mitigating factors Motley presented, including his poor health. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record demonstrated that Motley's adjustment to supervised probation had been poor. Motley reoffended within months of his most recent release and, despite receiving lenient treatment on his prior violations, he committed a new offense, as well as absconding from supervision. When he appeared before the trial court, he had three prior probation violations.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Motley's disregard of the terms of his suspended sentences supports a finding that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)).

Motley did not make productive use of the trial's courts repeated acts of grace; instead, he continued to commit offenses. "For probation to have a real deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. After reviewing the record in this case, we conclude that the sentence the trial

court imposed represented such real consequences and was a proper exercise of judicial discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

## CONCLUSION

Accordingly, we affirm the trial court's judgment.

*Affirmed.*