COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Causey and Callins

SETH ASHTON RAMIREZ

                                                    MEMORANDUM OPINION*
v.        Record No. 1306-22-1                      PER CURIAM
                                                    JUNE 27, 2023
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Carl E. Eason, Jr., Judge

(Jennifer T. Stanton, Senior Appellate Attorney; Indigent Defense
Commission, on brief), for appellant.

(Jason S. Miyares, Attorney General; William K. Hamilton, Assistant
Attorney General, on brief), for appellee.

Seth Ashton Ramirez appeals the trial court's judgment revoking his previously

suspended sentences and imposing three years' active incarceration. Ramirez argues that the trial

court abused its sentencing discretion because it improperly weighed his prior criminal record and

mitigating evidence during sentencing. After examining the briefs and record, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). Finding no error, we affirm the trial court's judgment.

BACKGROUND

On March 30, 2016, the trial court convicted Ramirez of grand larceny, conspiracy to

commit grand larceny, and entering a vehicle with intent to commit a crime. The court sentenced

him to a total of 20 years and 12 months' incarceration with 17 years and 12 months suspended.

---

* This opinion is not designated for publication. *See* Code § 17.1 413.

The trial court conditioned Ramirez's suspended sentences on "good behavior" and successfully completing a period of supervised probation.

On December 8, 2021, Ramirez's probation officer reported that Ramirez had violated the terms of his probation by incurring criminal charges for felony drug possession, driving while intoxicated, driving without a license, and multiple larceny offenses. Ramirez also violated his probation by failing to "schedule substance abuse services" as instructed, using cocaine and testing positive for controlled substances, and changing residences without notifying his probation officer. In an addendum, the probation officer reported that Ramirez had been convicted in February 2022 for possessing drug paraphernalia and driving while intoxicated.

At the revocation hearing on July 28, 2022, the Commonwealth proffered that, in addition to the violations alleged in the major violation report and addendum, Ramirez had been convicted of grand larceny in July 2022. Ramirez stipulated to the violations included in his probation officer's reports and the Commonwealth's proffer but asserted that he was "battling substance abuse addiction." He proffered that he was accepted into the "Real Life" substance abuse program in February 2022. After accepting Ramirez's stipulation and proffer, the trial court found him in violation of his probation.

During sentencing, the Commonwealth asserted that Ramirez had an extensive "23-page criminal history," including convictions for robbery, drug possession, and multiple larcenies. The trial court also considered a presentence report that detailed Ramirez's criminal record and substance abuse history. According to the presentence report, Ramirez's criminal record included multiple felony convictions for robbery, grand larceny, and receiving stolen property, eleven misdemeanor convictions, and four criminal traffic infractions.

While recognizing that Ramirez's criminal behavior may stem from his drug addiction, the Commonwealth argued that the trial court should impose a sentence within the discretionary

sentencing guidelines. The guidelines recommended imposing a period of active incarceration between six months and one year and six months. Ramirez requested that the trial court impose a sentence "toward the low end" of the recommended range because his convictions were "directly related to [his] substance abuse addiction" and he had demonstrated his desire to "relieve himself from his addiction by his efforts to get into a program." Ramirez acknowledged wrongdoing, but stated, "I just need an opportunity, that's all. You-all won't give me no help, you want to send me to prison. That's it." He asserted, "when you do try to give me a program, it's like I don't meet the qualifications because I'm violent, so what do I do?"

Reviewing the presentence report, the trial court found that Ramirez had used cocaine daily starting when he was nine years old until October 2015. "[A]fter a stabbing event in 2018," Ramirez also "began abusing prescription pills" and, in 2016, Ramirez admitted that he had "a serious drug problem." The trial court "accept[ed] and underst[oo]d" that Ramirez "may be addicted to drugs." Nevertheless, the trial court found that it had to hold Ramirez "responsible for [his] own conduct." The trial court noted that Ramirez had violated his probation "within a year" of his release from incarceration by committing grand larceny, which was "the exact same offense" for which he was on probation. Thus, the trial court found that the sentencing guidelines' recommended penalty range was inappropriate and imposed a total of three years' active incarceration. Ramirez appeals.

## ANALYSIS

"On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it."'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). We will not reverse the trial court's judgment unless there is a clear abuse of discretion. *Id.*

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). Ramirez does not challenge the trial court's revocation of his previously suspended sentences. Rather, he contends that the trial court erred by imposing three years' active incarceration because, although it considered the proper factors during sentencing, it weighed them "inappropriately." Ramirez asserts that the trial court put too much emphasis on his criminal record, which the sentencing guidelines had "already taken into account." Additionally, he argues that the trial court failed to sufficiently weigh the mitigating evidence of his drug addiction. Ramirez contends that "despite abundant evidence of [his] addiction, the trial court did not order the probation office to definitively provide substance abuse treatment," which proves that the trial court did not properly consider his mitigation evidence.

Code § 19.2-306.1(B) provides that

> If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

The record demonstrates that Ramirez incurred new criminal convictions during the suspension period. Thus, it was within the trial court's discretion to "impose or resuspend any or all" of the previously-suspended sentences. *Id.* It was equally within the trial court's purview to weigh any mitigating factors appellant presented, such as his drug addiction. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The trial court was not obligated to explain the specific weight it afforded to each piece of evidence, as Ramirez implies. "And '[a]bsent a

- 4 -

statutory mandate . . . a trial court is not required to give findings of fact and conclusions of law.'" *Cannaday v. Commonwealth*, 75 Va. App. 707, 719 (2022) (alteration and omission in original) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)).

The evidence established that Ramirez had an extensive criminal record with multiple convictions for larceny, drug possession, and robbery. Despite receiving only three years of active incarceration for his previous convictions for grand larceny, conspiring to commit grand larceny, and entering a vehicle with intent to commit a crime in 2016, Ramirez incurred yet another criminal conviction by committing "the exact same offense" for which he was on probation. He also failed to comply with his probation officer's directives to complete substance abuse treatment.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Ramirez's conduct supports the conclusion that he was not amenable to rehabilitation and that he disregarded the "grace" that had been extended to him. While on probation, Ramirez continued to engage in the same conduct that led to the original sentences and committed multiple larceny offenses, including grand larceny. Given the evidence before the court, we conclude that the trial court did not abuse its discretion by revoking Ramirez's suspended sentences and reimposing three years of incarceration.

## CONCLUSION

For the above reasons, we affirm the trial court's judgment.

*Affirmed*.