COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Friedman and Senior Judge Clements

MATTHEW EDWIN LAWSON

                                                    MEMORANDUM OPINION*
v.      Record No. 0003-23-3                             PER CURIAM
                                                         JULY 25, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
Anne F. Reed, Judge

(Lauren Brice, Assistant Public Defender; Virginia Indigent Defense
Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Stephen J. Sovinsky,
Assistant Attorney General, on brief), for appellee.

        Matthew Edwin Lawson appeals orders of the Circuit Court of the City of Staunton

revoking his previously suspended sentences and sentencing him to incarceration for new criminal

offenses. On appeal, Lawson contends the trial court abused its discretion by sentencing him to a

total of 6 years and 12 months' active incarceration.[1] After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Lawson presents two assignments of error challenging the trial court's sentencing
judgment on appeal but addresses them within one argument. We, therefore, address both
assignments of error together.

BACKGROUND[2]

In February 2022, Lawson pleaded guilty to misdemeanor stalking of Emily Holt, his former girlfriend, and violating a protective order. Consistent with the plea agreement, the trial court sentenced Lawson to a total of 5 years and 12 months' incarceration with all but 9 months suspended. As conditions of his suspended sentences, Lawson was ordered to comply with probation and to have no contact with Holt. Within a few weeks of his release from jail, Lawson contacted Holt, in violation of a protective order issued following his sentencing hearing. He called her, left a voicemail, sent her text messages, and reached out to her on Facebook Messenger and Instagram. He acknowledged that he should not be contacting Holt and indicated he knew he could be subject to additional criminal charges. In June 2022, the trial court issued a capias for Lawson's arrest.

In August 2022, Lawson pleaded guilty to felony counts of stalking and violating a protective order. At a combined sentencing hearing for the new offenses and the probation violation, the trial court received the major violation report, the presentence report, and a victim impact statement. The trial court further heard from Lawson, who recounted his struggles with substance use and noted that these struggles had a "slight[]" contributing factor to his current criminal charges. Lawson testified that he "knew the last time"—at his February 2022 hearing— that he "was probably going to contact" Holt but insisted he now had "no desire at all" to do so. Additionally, Lawson read an apology letter he had penned to Holt. Though he described himself as "sorry" and "extremely embarrassed," he also averred that if Holt "would have just been truthful

<hr/>

[2] On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

from the beginning instead of calling [him] stupid and crazy and insisting [he] was making everything up in [his] head, then [the trial court] would not know [his] name." After hearing the evidence and argument from counsel, the trial court found Lawson in violation of the terms of his suspended sentences, specifically finding that he violated the special condition to avoid all contact with the victim.

The trial court found that despite the "tremendous opportunity" given to Lawson earlier that year, he was "back here again with a continuation of the same conduct that brought [him] before the [trial court] to begin with." The trial court admonished Lawson that he "should have known that" he could not "take [his] desire for some type of closure or reassurance of [his] own beliefs and engage in conduct that creates fear in others." The trial court found Lawson's in-court apology to be "concerning" because it indicated that he had not "truly come to terms with what [he had] done." Moreover, "[r]egardless of how the relationship ended or [Holt's] desire not to have any contact with [Lawson], it was [his] obligation to follow the directions" of the trial court, and the trial court did not have "confidence that [Lawson had] that understanding" or that he would "go forward without having contact with" Holt. Thus, "based on the nature of [his] conduct in this case, the [trial court] believe[d] that there [was] very little recourse" available to address Lawson's behavioral issues "other than a significant period of incarceration."

Accordingly, the trial court sentenced Lawson to five years' incarceration with one year suspended for violating the protective order and five years' suspended incarceration for the felony stalking offense.[3] In addition to the 4 years of active incarceration, the trial court revoked 2 years and 12 months of Lawson's previously suspended sentences. Lawson appeals.

---

[3] Lawson does not challenge on appeal his suspended sentence for the felony stalking conviction.

STANDARD OF REVIEW

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). After suspending the execution of imposition of a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). As relevant to appellant's claim, Code § 19.2-306.1(B) provides that

> [i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). "In the absence of a clear statutory or constitutional violation, we defer to the discretion of the circuit court regarding the decision of whether any act of grace is appropriate in the first instance[.]" *Green v. Commonwealth*, 75 Va. App. 69, 77 (2022) (alteration in original) (quoting *Garibaldi v. Commonwealth*, 71 Va. App. 64, 69 (2019)).

In addition, regarding Lawson's new criminal convictions, "[w]e review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen

a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). Thus, "once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id*.

ANALYSIS

Lawson argues that the trial court abused its discretion by imposing a total of 6 years and 12 months' active incarceration for the new conviction for violating a protective order and for the probation violations. He alleges that the trial court failed to "adequately consider" his mitigation evidence, including his acceptance of responsibility, remorse, and struggles with substance abuse and mental health issues. He does not point to any statements made by the trial court dismissing his mitigation evidence, nor would the record support such a contention.

To begin, Lawson's sentence for violating a protective order was within the sentencing range set by the legislature. *See* Code §§ 18.2-10, 18.2-60.4. In addition, it was within the trial court's purview to weigh any mitigating factors Lawson presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The trial court is not obligated, however, to read into the record every factor considered and the weight given to each one when fashioning a sentence. "Absent a statutory requirement to do so, 'a trial court is not required to give findings of fact and

- 5 -

conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting

*Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)).

Lawson promotes his acceptance of responsibility but neglects to mention the continual

blame he placed on Holt at the sentencing hearing.  Moreover, although Lawson is correct that he

referred to his behavior as "juvenile" and "unacceptable" and that he apologized to his victim, he

also assigned responsibility to Holt, contending that if she had only been honest with him, he

would not have committed these criminal acts.  The trial court was concerned with the nature of

Lawson's apology, continued criminal behavior, and contention that Holt was responsible for his

actions, finding that Lawson had not "truly come to terms with what [he had] done."

In sum, the record demonstrates that Lawson disregarded the terms of his suspended

sentences by engaging in the same criminal behavior for which he was on probation.  Further, the

trial court made a finding that incarceration was the only means of addressing Lawson's

behavior.  Given those circumstances, we find no abuse of the trial court's sentencing discretion.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*