COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, White and Retired Judge Frank*

CARLTON ANDREW VAUGHAN, III

v.      Record No. 1917-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION**
PER CURIAM
JUNE 20, 2023

FROM THE CIRCUIT COURT OF MIDDLESEX COUNTY
Jeffrey W. Shaw, Judge

(Brian W. Decker; Decker Law, PLLC, on brief), for appellant.

(Jason S. Miyares, Attorney General; Robert D. Bauer, Assistant
Attorney General, on brief), for appellee.


Carlton Andrew Vaughan, III, appeals the trial court's decision revoking the entirety of his

previously suspended sentences. He contends that the trial court abused its discretion when it

revoked his suspended sentences without considering mitigating evidence. After examining the

briefs and record in this case, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Accordingly,

we affirm the trial court's judgment.

BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v.*

*Hudson*, 265 Va. 505, 514 (2003)). That principle requires us to "discard the evidence of the

---

* Retired Judge Frank took part in the consideration of this case by designation pursuant to Code § 17.1-400(D).

** This opinion is not designated for publication. *See* Code § 17.1-413.

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

On February 15, 1996, Vaughan was convicted of grand larceny and two counts of breaking and entering and sentenced to ten years, with all but two years suspended on each charge. The trial court ordered the three sentences to run concurrently.

On October 17, 2007, the trial court found Vaughan in violation of his probation. The trial court revoked and resuspended his previously suspended sentences, "except for time served." The trial court continued Vaughan on probation. On January 19, 2011, Vaughan appeared before the trial court again and was found in violation of his probation. The trial court revoked his previously suspended sentences and resuspended all but three months for one of the convictions for breaking and entering. On January 4, 2017, Vaughan appeared before the trial court for his third probation violation. The trial court revoked his previously suspended sentences and resuspended all but three years on each count; the time on each was to run concurrently. The trial court ordered that Vaughan be placed upon probation upon his release from incarceration for an indefinite period of time but not to exceed ten years.

On March 25, 2020, Vaughan was released from incarceration. In June 2020, he overdosed. After his overdose, Vaughan tested positive for cocaine in November and December 2020. In February 2021, Vaughan overdosed again. On February 11, 2021, Vaughan was arrested for possession of a Schedule I/II controlled substance. On April 1, 2021, Vaughan absconded from probation supervision.

On November 17, 2021, Vaughan appeared before the court on his fourth probation violation. The trial court revoked his previously suspended sentences and imposed nine months for

one conviction of breaking and entering and one year for the other two convictions, to run concurrently. The trial court ordered Vaughan to complete five years of probation following his release from incarceration. Following this revocation, four years of suspended time remained on each of Vaughan's three convictions.

On May 25, 2022, his probation officer filed a major violation report (MVR) alleging that Vaughan had violated Condition 11 of his supervised probation—"I will not abscond from supervision." The report stated that Vaughan was released from incarceration on March 30, 2022, to the supervision of the Gloucester probation office, but he failed to report to or contact the office. At the time of the MVR, Vaughan's whereabouts were unknown. On June 15, 2022, the trial court issued a capias for Vaughan's arrest.

On July 15, 2022, Vaughan's probation officer filed an addendum to the May 25 MVR. The addendum alleged that Vaughan was arrested in Henrico County on July 2, 2022. Vaughan was charged with falsely identifying himself to a law enforcement officer, and the charge remained pending.

At the November 28, 2022 revocation hearing, the Commonwealth asserted that Vaughan had been convicted of falsely identifying himself to a law enforcement officer and was sentenced to 12 months' imprisonment, with 11 months and 20 days suspended. The Commonwealth also noted that Vaughan had been convicted of drug possession in Henrico County Circuit Court but was awaiting sentencing on that charge.

Vaughan acknowledged that he had violated his probation but requested that the court continue the matter until after he was sentenced in Henrico County. He further requested that he be evaluated for Community Corrections Alternative Program (CCAP). Vaughan asserted that he had been sober since February 6, 2021—the last time he overdosed. He explained that when he overdosed, he "woke up in the hospital and didn't even know how [he] got there." He

acknowledged that he had a new drug possession conviction but denied ownership of the drugs involved. Vaughan asserted that there was another person in the vehicle and he was only charged with possession because it was his vehicle. He noted that his probation officer administered a drug test that day and it was negative. Vaughan requested that he be placed in a drug treatment program. He claimed that a program would "help [him] overall" to build skills and obtain consistent employment and stable housing. He further asserted a program would "help [him] as a person." Finally, Vaughan claimed that when he was released to Gloucester probation, he was scheduled to be transferred to Henrico County probation. When he went to Henrico County probation, however, the office had "nothing on" him. Henrico County probation instructed him that they would contact him when his paperwork came through, but they never contacted him.

On cross-examination, Vaughan admitted that each time he appeared before the trial court on a probation violation he had claimed that he was serious about becoming sober and getting his life straight.

In allocution, Vaughan requested that he be removed from probation and sentenced to CCAP. He asserted that "sending [him] to prison [wa]s not the answer. It's not the answer to anyone with an addiction problem."

Before pronouncing its judgment, the trial court noted that Vaughan's case began in 1995. Since then, Vaughan had absconded several times, obtained new convictions, and overdosed. After substance abuse inpatient treatment, Vaughan absconded yet again and obtained a new felony and several misdemeanor convictions. The trial court thus denied Vaughan's requests for admission to CCAP rather requiring him to serve an active sentence. The court revoked the remainder of Vaughan's previously suspended sentences and ordered him to serve them. Vaughan appeals.

ANALYSIS

Vaughan asserts that the trial court abused its discretion when it revoked his previously suspended sentences. He asserts that the trial court did not consider his mitigating circumstances including his near-death experience, his sobriety since his overdose in early 2021, and his motivation to gain admission to CCAP. Vaughan maintains that the trial court abused its discretion when it revoked the entirety of his suspended sentences and failed to resuspend any of them.

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.* "If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension," the court may "revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).

- 5 -

The record demonstrates that Vaughan was originally sentenced within the statutory maximum, absconded, and suffered a new felony and several misdemeanor convictions during the suspension period; therefore, the trial court had sufficient cause to revoke his suspended sentences. The weight to give any mitigating factors presented by the defendant is within the trial court's purview. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Vaughan failed to make productive use of the grace that had been extended to him when he absconded and obtained new convictions while on supervised probation. Vaughan's disregard of the terms of his suspended sentences supports a finding that he was not amendable to rehabilitation.

Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of its sentencing discretion. *See Alsberry v Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*